**CASE INTERNATIONAL COMPANY, Appellee,**

v.

**T.L. JAMES AND COMPANY, INC., Appellant.**

**No. 89–2478.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1990.

Decided June 28, 1990.

John Dewey Watson, Little Rock, Ark., for appellant.

Peter G. Kumpe, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

T.L. James and Company, Inc. (James), a Louisiana corporation, contracted with the State Highway and Transportation Department of Arkansas to construct a bridge spanning the Red River between Miller and Lafayette counties. Case International Company (Case), an Illinois corporation, entered into a subcontract with James to install the bridge's foundation. Changes to and delays in the project forced Case to incur substantial costs in addition to those expenses contracted for. Case sued James under the District Court's [1] diversity jurisdiction for recovery in *quantum meruit* for the reasonable value of the additional services or, in the alternative, for compensatory damages on claims for breach of contract and breach of warranty.

James moved the court to compel arbitration of the matter pursuant to the arbitration clause in its contract with the state. James argued that the clause was incorporated by reference into the subcontract with Case by operation of a "flow-through" clause in the subcontract. Case disagreed and maintained that it was entitled to its day in court. After a hearing, the District Court held that the arbitration clause in the general contract was not incorporated by reference into the subcontract and denied James's motion to compel arbitration.[2] James appeals.[3]

A district court's interpretation of an unambiguous written contract is reviewed *de novo*. See *Local 257, Int'l Bhd. of Elec. Workers v. Grimm*, 786 F.2d 342, 345 (8th Cir.1986). Here, however, the contract is not unambiguous and the court held a hearing and heard testimony on the parties' intent. The District Court's decision that the arbitration clause was not

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

2. The District Court also held that, in any event, the dispute between Case and James was outside the scope of the arbitration provision. Our decision is based on the incorporation question, so we find it unnecessary to reach any other issues.

3. This Court has jurisdiction pursuant to the Federal Arbitration Act, which is applicable to an arbitration clause in "a contract evidencing a transaction involving commerce." 9 U.S.C. §§ 2, 4 (1988). Section 15 of the Act permits an appeal to be taken from an order denying a party's petition "to order arbitration to proceed." 9 U.S.C. § 15 (1988).

incorporated by reference into the subcontract thus is a finding of fact, subject to the clearly erroneous standard of review on appeal. *See Ford v. First Mun. Leasing Corp.*, 838 F.2d 994, 997 (8th Cir.1988).

■ This dispute is subject to the enforcement provisions of the Federal Arbitration Act (FAA) because it involves a transaction in commerce. 9 U.S.C. §§ 2, 4 (1988). As the District Court noted, although the FAA favors expanded arbitration coverage when there is a question regarding scope, arbitration will not be imposed upon a party unless that party has agreed to this settlement procedure. *Volt Information Sciences v. Board of Trustees*, 489 U.S. 468, ——, 109 S.Ct. 1248, 1254, 1255, 103 L.Ed.2d 488 (1989); Order at 4. Based on a careful reading of the arbitration clause in the general contract and the flow-through clause in the subcontract, and on the testimony of a retired engineer for the Arkansas Highway Department, who drafted the arbitration clause, regarding the department's intent, the court found there was no agreement to arbitrate. James has not directed our attention to anything in the contracts at issue here or in Arkansas law, which governs the interpretation of these contracts, that convinces us the District Court's decision was clearly erroneous. We are not inclined to find that a party has waived its right to ordinary judicial process without an express and specific agreement. We therefore affirm the denial of James's motion to compel arbitration, *see* 8th Cir.R. 47B, and remand the case to the District Court for further proceedings on Case's lawsuit against James.