PER CURIAM.
Moore & Munger Marketing and Refining, Inc. appeals from the district court’s[1] judgment affirming the bankruptcy court’s[2] denial of its claim for relief. We affirm.
I.
Macmillan Petroleum (Arkansas), Inc. (“MacArk”) leased its oil pipeline system to *807 Moore & Munger Marketing and Refining, Inc. (“Moore”). MacArk also agreed to sell certain information — “division orders” — to Moore. The division orders described what properties produced oil delivered through MacArk’s pipeline and named the persons who should receive payment for that oil.
The agreement stated that MacArk had 358 division orders “currently in effect.” Clause 1.2 of the agreement granted Moore the right to peruse the 358 division orders for fifteen days and return those it did not want. The number of division orders retained after the fifteen day period comprised the “Purchased Number.”
The agreement also noted that subsequent events could reduce the value of the information contained in the division orders. Clause 4 therefore provided that, when certain conditions occurred, Moore could reject division orders that it had initially retained among the Purchased Number. Clause 4 also provided for a corresponding adjustment to the contract price. The adjustment was calculated by determining the percentage change in the Purchased Number caused by the subsequent rejections.
MacArk delivered the division orders to Moore.[3] Moore retained 140 of them, and subsequently rejected two. Moore then brought an action in MacArk’s Chapter 7 bankruptcy proceeding, claiming, among other things, that it did not owe the full contract price. Moore introduced evidence that MacArk had only 217 division orders, not 358, because fifty-nine division orders were maintained by another company, not MacArk, and eighty-two division orders pertained to properties not producing oil. Moore argued that, since it had the opportunity to acquire oil under only 217 division orders, not 358, the contract price should be reduced accordingly.
The bankruptcy court held that Moore was liable for the full contract price, less a minor adjustment for the two division orders that Moore rejected, and the district court affirmed.
II.
Moore argues that de novo review is appropriate because the parties’ written contract is unambiguous. See Case Int’l Co. v. T.L. James & Co., 907 F.2d 65 (8th Cir.1990) (review de novo district court’s interpretation of an unambiguous contract). As MacArk does not dispute this contention, we review the contract de novo.
Moore argues that the contract price should be revised to reflect the lack of value in the fifty-nine division orders maintained by another company and the eighty-two division orders pertaining to properties not producing oil.
The agreement does not allow for such an adjustment. Clause 1.2 permitted Moore to return any or all of the division orders for any reason, but does not provide for a corresponding price adjustment. The agreement provides a price adjustment only for those division orders rejected after the initial fifteen day period, and only under those conditions specified in Clause 4. Moore does not contend that it rejected the 141 division orders at issue after the fifteen day period, or for any of the causes stated in Clause 4. We therefore conclude that the district court properly held Moore liable for the full contract price, less an adjustment for the two division orders rejected in accordance with Clause 4.
The judgment of the district court is affirmed.

. The Honorable Oren Harris, United States Senior District Judge for the Western District of Arkansas.

. The Honorable James G. Mixon, United States Bankruptcy Judge for the Western District of Arkansas.

. Instead of the actual division orders, MacArk delivered a “division of interest sheet.” The district court concluded that this constituted substantial performance, and Moore does not appeal that conclusion. For the sake of convenience we will refer to the documents as division orders.