**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

---

No. 96-4126

---

Fleet Tire Service of North Little  *
Rock,                             *
                                    * Appeal from the United States
        Appellee,         * District Court for the
                                 * Eastern District of Arkansas.
        v.                    *
                                 *
Oliver Rubber Company,     *

---

Submitted: May 19, 1997

Filed: July 15, 1997

---

Before MURPHY and HEANEY, Circuit Judges, and ROSENBAUM,[1] District Judge.

---

HEANEY, Circuit Judge.

    Oliver Rubber Company ("Oliver") appeals the district court's denial of its motion to stay an action for breach of contract brought by Fleet Tire Service of North Little Rock ("Fleet Tire") pending arbitration under the terms of the contact. We reverse.

---

    [1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

**I.**

In November 1990, Fleet Tire entered into a contract ("1990 Agreement") with Oliver granting Fleet Tire a nonexclusive right to use Oliver's "Tuff-Cure System" of retreading tires. The 1990 Agreement contains an arbitration clause that provides:

> Any controversy or claim arising out of or relating to this Agreement or any breach of its terms shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The expense of such arbitration shall be divided equally between the parties. The arbitration provided for in this Section 10 shall be the exclusive remedy for any dispute between Oliver and [Fleet Tire], as a substitute for any and all legal remedies and proceedings that would otherwise be available to them.

1990 Agreement, § 10. The 1990 Agreement also contains a provision that requires any amendment or modification to be made in writing and signed by both parties. 1990 Agreement, § 9.5.

In February 1995, a sales representative for Oliver signed a letter ("1995 Letter") prepared by Fleet Tire granting Fleet Tire an exclusive market area for the Tuff-Cure System within a fifty-mile radius of Little Rock and Russellville, Arkansas. Fleet Tire never countersigned the letter. Subsequent to Fleet Tire's receipt of the 1995 Letter, Oliver entered into a Tuff-

2

Cure System license agreement with another company that included the Little Rock area.

Fleet Tire filed a complaint alleging that Oliver violated Fleet Tire's exclusive-market rights provided by the 1995 Letter. Oliver moved to stay the proceedings in district court, asserting that Fleet Tire's claim was subject to the 1990 Agreement's arbitration clause. The district court denied the motion, holding that Fleet Tire's complaint arose under the 1995 Letter and that the provisions of that letter are

"collateral" to the 1990 Agreement. Because the district court misapplied the standard for determining when a collateral matter is subject to an arbitration clause, and because the arbitration clause at issue is broad enough to cover this dispute, we reverse.

## II.

While we review the district court's factual findings for clear error, our review of the construction of the arbitration agreement is de novo. Nordin v. Nutri/System, Inc., 897 F.2d 339, 344 (8th Cir. 1990). Although a court may not impose arbitration on a party who has not agreed to be subject to it, Case Int'l Co. v. T.L. James & Co., 907 F.2d 65, 66 (8th Cir. 1990), federal policy favors arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983) (questions relating to the scope of arbitrable issues "should be resolved in favor of arbitration").

The district court found that a valid arbitration agreement between Oliver and Fleet Tire exists based on the 1990 Agreement but noted that "arbitration of [a] dispute cannot be compelled merely based upon the existence of an arbitration clause in the main agreement" if the controversy is collateral to the agreement. Dist. Ct. Op. at 6 (citing Wilson v. Subway Sandwiches Shops, Inc., 823 F. Supp. 194, 199 (S.D.N.Y. 1993)). The court found that the 1995 Letter could not be a modification or amendment to the 1990 Agreement in the absence of signings by both parties and that the 1995 Agreement was specifically nonexclusive. Therefore, the court held that the 1995 Letter granting exclusivity did not arise

4

under the 1990 Agreement and is therefore collateral to that agreement.

We hold that the court misapplied the rule governing whether the arbitration clause applies to Fleet Tire's claim.  While the rule established in <u>Wilson</u>  prohibits the application of an arbitration agreement to collateral claims, it only does so when the arbitration agreement is narrow.  In <u>Prudential Lines, Inc. v. Exxon Corp.</u>, 704 F.2d 59, 63 (2d Cir. 1983), cited in <u>Wilson</u>, the Second Circuit sets out the two inquiries a court

must make in determining whether an arbitration clause applies: (1) whether the clause is broad or narrow; and (2) if the clause is narrow, whether the dispute involves an agreement collateral to the agreement containing the arbitration clause. The district court failed to conduct the first inquiry under <u>Prudential</u>; that is, the court did not determine whether the arbitration clause is broad or narrow.

We believe that, as a matter of law, the arbitration clause in the 1990 Agreement is broad. The clause provides that arbitration is the exclusive remedy available to the parties to settle controversies or claims that not only arise from the 1990 Agreement but also those "relating to" the contract. The Second Circuit considered language nearly identical to the language here, calling it "the paradigm of a broad clause." <u>Collins & Aikman Prods. Co. v. Building Sys., Inc.</u>, 58 F.3d 16, 20 (2d Cir. 1995).[2] Such a provision constitutes the broadest language the parties could reasonably use to subject their disputes to that form of settlement, including collateral disputes that relate to the agreement containing the clause.

Having found that the arbitration clause in the 1990 Agreement is broad, we turn to whether Fleet Tire's claim relates to the subject of the 1990 Agreement. Where a broad arbitration clause is in effect, even the question

---

[2]The contract in <u>Collins & Aikman</u> provided that "[a]ny claim or controversy arising out of or relating to this agreement shall be settled by arbitration . . . in accordance with the Rules then obtaining of the American Arbitration Association." <u>Collins & Aikman Prods. Co. v. Building Sys., Inc.</u>, 58 F.3d 16, 18 (2d Cir. 1995).

of whether the controversy relates to the agreement containing the clause is subject to arbitration. <u>See</u> <u>Prudential Lines</u>, 704 F.2d at 63. The fact that the 1995 Letter purportedly grants Fleet Tire an exclusive market for the Oliver retreading process originally conferred in the 1990 Agreement clearly demonstrates that the present dispute relates to the 1990 Agreement.

Neither party challenges the fact that each freely entered into the agreement that provides arbitration as the exclusive remedy for disputes relating to the agreement.

Neither may now frustrate the purpose of the clause by making the court the first step in resolving controversies related to the 1990 Agreement. Such an avoidance can now be achieved only by bargaining for a new agreement that provides other remedies.

## III.

Accordingly, we reverse the district court and remand with instructions to grant Oliver's motion for a stay pending arbitration of Fleet Tire's claim.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

8