**BRADFORD–SCOTT DATA CORPORATION, INC.,**
**Plaintiff–Appellee,**

v.

**PHYSICIAN COMPUTER NETWORK, INC. and Versyss Incorporated, Defendants–Appellants.**

Nos. 97–2415, 97–2568.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 12, 1997.

Decided Feb. 19, 1998.

Rehearing and Suggestion for Rehearing En Banc Denied March 17, 1998.

Debra A. Mastrian (argued), Robert L. Hartley, Jr., Henderson, Daily, Withrow & DeVoe, Indianapolis, IN, for Plaintiff–Appellee.

David E. Wright, Johnson, Smith, Pence, Densborn, Wright & Heath, Michael B. Rueben, Samuel L. Barkin (argued), Gordon, Altman, Butowsky, Weitzen, Shalov & Wein, New York City, for Defendants–Appellants.

Before CUMMINGS, ROVNER and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

In 1993 plaintiff Bradford–Scott Data Corporation ("Bradford–Scott") entered into a Master License Agreement with defendant VERSYSS INCORPORATED ("VERSYSS").[1] Under the License Agreement, plaintiff became an authorized redistributor of certain VERSYSS computer software products. According to the complaint, VERSYSS was subsequently acquired by defendant Physician Computer Network, Inc. ("PCN"), which has allegedly directed the conduct of VERSYSS under its contract with plaintiff.

Count I of the complaint alleges that PCN and VERSYSS breached the 1993 Master License Agreement by increasing plaintiff's annual sales quota for 1997 from $720,000 to $960,000, or a 33% increase in violation of the provision allowing no more than a 20% increase in any given year.

VERSYSS also allegedly breached the Master License Agreement by disclosing plaintiff's customer list to defendant PCN.

PCN and VERSYSS again allegedly breached the Master License Agreement by disclosing Bradford-Scott's customer lists, soliciting its customers, and otherwise competing with plaintiff in violation of Paragraph 6.2 of the Master License Agreement as amended in 1995.

PCN and VERSYSS also allegedly breached the Master License Agreement by "unreasonably withholding consent" to Bradford–Scott's assignment of the Master License Agreement to a potential purchaser of Bradford–Scott's business. The same defendants are said to have breached the Master License Agreement by demanding payments in excess of those provided by the October 13, 1995 amendment of that Agreement and "by failing to act reasonably."

Count I concludes by seeking damages and injunctive relief. Count II complains that PCN unlawfully interfered with Bradford–Scott's contract with VERSYSS. Count III complains that defendants committed "deceptive franchise practices" under Indiana Code §§ 23–2–2.7–1 and 23–2–2.7–2. Finally Count IV asserts that PCN, Profit Masters, Inc., doing business as Advanced Healthcare Solutions, and Mark Long, an Indiana agent of PCN, engaged in unfair competition "consisting of predatory pricing of the PCN Health Network Software." The complaint concludes by seeking damages and injunctive relief.

The 1993 Master License Agreement between plaintiff and defendant VERSYSS contains the following narrow arbitration clause (Defendants' App. A 26):

15.4 It is the express intention of the parties that this Agreement be governed by and be construed in accordance with the laws of the Commonwealth of Massachusetts, U.S.A. However, either party can submit any payment dispute concerning license or support fees hereunder to arbitration according to the Commercial Arbitration Rules of the American Arbitration Association. The arbitration will be binding except that it may be reviewed or appealed according to Massachusetts law. The arbitration hearings and proceeding will be held in Massachusetts.

The district court denied VERSYSS's and PCN's motions to stay or dismiss this matter pending arbitration. Judge McKinney noted that all counts of Bradford–Scott's complaint were based upon the 1993 Master License Agreement so that its narrow arbitration clause applied. In support of their motions, the defendants cited the following broad arbitration clause in a 1988 Agreement between Contel Business Systems, a predecessor of

---

1. In an October 13, 1995 letter Bradford–Scott and VERSYSS amended their Master License Agreement but the complaint does not rely on the amendment.

VERSYSS, and Bradford–Scott (Defendants' App. A 71):

8.4 <u>Arbitration</u>. In the event of any dispute or controversy between the parties hereto arising out of or relating to this Agreement or any transaction contemplated hereunder, such dispute or controversy shall be submitted to arbitration by a panel of three (3) arbitrators under the Commercial Rules of Arbitration of the American Arbitration Association in Los Angeles, California. The three (3) arbitrators shall decide any such matter in accordance with then applicable rules of the American Arbitration Association or any successor organization. The determinations of the arbitrators shall be final and shall not be subject to judicial review; provided, however, that any award or determination rendered by the arbitrators may be entered in any court of competent jurisdiction in the State of California or the Federal District Court for the Central District of California.

As the court noted, the narrow 1993 arbitration clause "flatly contradicts the arbitration provisions" of the 1988 agreement on which the defendants PCN and VERSYSS rely. A month later the district judge refused to reconsider the denial of the motions to stay pending arbitration. We affirm.

As shown, both the 1993 and 1988 Agreements contain arbitration clauses. However, the 1993 Agreement states that its provisions control in the light of any conflict or inconsistency between the Agreements (Defendants' App. A 27). Since the two arbitration clauses are in conflict and inconsistent, we must credit Paragraph 15.11 of the 1993 Agreement stating that "In the event of any conflict or inconsistency" between it and the 1988 Agreement, the 1993 Agreement controls.[2] The arbitration clause in the 1993 Agreement is therefore controlling and defeats defendants' demand for arbitration under the 1988 Agreement. Plaintiff cannot be forced to submit this dispute to arbitration since it is not covered by the 1993 arbitration clause. This is a just result because VER-SYSS itself rejected a broader arbitration clause and proposed the limited one contained in the 1993 Master License Agreement. Since no "payment dispute" within the 1993 arbitration clause has been raised, neither VERSYSS nor PCN can demand arbitration under the 1993 Master License Agreement. *Local 371 v. Logistics Support Group*, 999 F.2d 227 (7th Cir.1993).

The district court's denial of the motion to stay this action pending arbitration is AFFIRMED.

---

**2.** Although defendants rely on *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir.1988), and *Fleet Tire Serv. v. Oliver Rubber Co.*, 118 F.3d 619 (8th Cir.1997), they are inapplicable because here there are two conflicting arbitration clauses and the 1993 Agreement provides that its provisions control in the event of a conflict.