A03A0859. WISE et al. v. TIDAL CONSTRUCTION COMPANY, INC.
(583 SE2d 466)

ELDRIDGE, Judge.

This is an interlocutory appeal from the trial court's stay and order for mandatory arbitration under the Federal Arbitration Act,

---

because Mary L. Rose Wise and Nell Lackman, plaintiffs, contend that Tidal Construction Company, Inc.'s inconsistent actions (proceeding with discovery, motion for summary judgment, entry of a pre-trial order, and jury selection) waived the right to arbitration.[1] Finding that Tidal Construction's inconsistent conduct constituted a waiver of the arbitration agreement, we reverse.

On October 16, 2000, the builder-sellers, Tidal Construction Company, Inc., C. L. Stafford Building Contractor, Inc., and C. L. Stafford were sued by the purchasers Mary L. Rose Wise and Nell Lackman for negligence, negligence per se, breach of implied warranty of good workmanship, and breach of contract as to the implied duty of good workmanship for estimated special damages of $199,000, because the new house, which was sold to them for $138,000, was built over a buried wood debris field. On December 5, 2000, Tidal Construction answered and stated "[t]his matter may be subject to mandatory binding arbitration pursuant to the contract or contracts between this [sic] parties and should be dismissed." The parties proceeded with litigation and went through extensive discovery, including some eight depositions. On October 24, 2001, Tidal Construction moved for summary judgment based upon the discovery. In November 2001, the case came on the trial calendar but was continued by agreement to complete discovery. On February 13, 2002, the parties entered into a consolidated pre-trial order without Tidal Construction again raising the issue of mandatory arbitration. On February 20, 2002, the trial court set the case for trial on the calendar for March 21-April 17, 2002. Finally, on March 7, 2002, Tidal Construction moved for a stay for mandatory arbitration and to amend the pre-trial order to assert such defense. The plaintiffs dismissed their warranty claims under the construction contract; also, they dismissed the claims against Stafford and his company to avoid the arbitration issue. On March 20, 2002, the parties struck a jury for the special trial set for April 21, 2002. On September 18, 2002, the trial court granted the stay and ordered arbitration, which earlier order had been misfiled and not sent to the parties. By March 7, 2002, when Tidal Construction filed its demand for arbitration, the plaintiffs' trial preparation expenses exceeded $11,000.

The basis for Tidal Construction's demand for mandatory arbitration was: on March 16, 1997, the parties entered into a sales contract, providing the special condition that the "SELLER TO FUR-

---

[1] *Simmons Co. v. Deutsche Financial Svcs. Corp.*, 243 Ga. App. 85, 88-89 (1) (532 SE2d 436) (2000), held that "we find that the Georgia rule allowing a preliminary appeal from an order compelling arbitration does not undermine the purposes or objectives of the FAA to enforce arbitration agreements." Thus, an interlocutory appeal comes within the jurisdiction of this Court. Id. at 86-89 (1).

NISH A 2/10 HOME WARRANTY." On March 26, 1997, Tidal Construction complied by issuing a "Workmanship/Systems and Structural Limited Warranty," which was administered by the Home Buyers Warranty Corporation and insured by National Home Insurance Company, foreign corporations; Mary L. Rose signed the application for this home enrollment under this express warranty. Attached to the application was the "Home Buyers Warranty Booklet," which included mandatory arbitration of all claims arising in warranty, contract, fraud, or tort under the FAA. The express written warranty was issued to the plaintiffs as part of the sale contract, which incorporated the warranty booklet with the mandatory arbitration clause under the FAA.

1. Plaintiffs contend that the trial court erred in compelling arbitration, because they did not allege a violation of the Home Buyers Warranty, causing the arbitration clause to be invoked. We do not agree.

The arbitration clause provided that the mandatory arbitration come under the FAA, 9 USC §§ 1-16, excluding any contrary provisions of state law. Issues as to the applicability of and the scope of arbitration were matters for arbitration under the arbitration clause. Plaintiffs agreed to such provisions for arbitration.

Plaintiffs sought to avoid arbitration by abandoning their warranty claims; however, both breach of contract and negligence claims come within the mandatory arbitration clause, as well as warranty claims, and do not violate Georgia public policy by requiring such issues to be arbitrated. *Haynes v. Fincher*, 241 Ga. App. 179, 180 (1) (525 SE2d 405) (1999). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1, 24-25 (103 SC 927, 74 LE2d 765) (1983). In this case, the arbitration clause stated that it was to cover "[a]ny and all disputes and controversies arising under or relating to this Agreement," and therefore, was intended to be broad enough in scope to reach all disputes.

> We believe that, as a matter of law, the arbitration clause in the 1990 Agreement is broad. The clause provides that arbitration is the exclusive remedy available to the parties to settle controversies or claims that not only arise from the 1990 Agreement but also those relating to the contract. The Second Circuit considered language nearly identical to the language here, calling it "the paradigm of a broad clause." *Collins & Aikman Prods. Co. v. Building Sys., Inc.*, 58 F3d 16, 20 (2d Cir. 1995). Such a provision constitutes the broadest language the parties could reasonably use to subject their disputes to that form of settlement, including col-

lateral disputes that relate to the agreement containing the clause. . . . Where a broad arbitration clause is in effect, even the question of whether the controversy relates to the agreement containing the clause is subject to arbitration.

(Citation, punctuation and footnote omitted.) *Fleet Tire Svc. of North Little Rock v. Oliver Rubber Co.*, 118 F3d 619, 621 (8th Cir. 1997). A party may not avoid a contractual arbitration clause merely by " 'casting its complaint in tort.' " (Citation omitted.) *In re Oil Spill by the "Amoco Cadiz*," 659 F2d 789, 794 (7th Cir. 1981).

Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act. . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

(Citation omitted.) *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, supra at 24-25; accord *DiMambro-Northend Assoc. v. Blanck-Alvarez, Inc.*, 251 Ga. 704, 707 (1) (309 SE2d 364) (1983); *Hilton Constr. Co. v. Martin Mechanical Contractors*, 251 Ga. 701 (308 SE2d 830) (1983). "Where such a transaction involves commerce, within the meaning of the Federal Arbitration Statute, the state law and policy with respect thereto must yield to the paramount federal law." (Citation omitted.) *West Point-Pepperell v. Multi-Line Indus.*, 231 Ga. 329, 331 (1) (201 SE2d 452) (1973). Home construction generally involves interstate commerce, because most building materials pass in interstate commerce. *Eure v. Cantrell Properties*, 236 Ga. App. 427, 429 (512 SE2d 323) (1999), overruled on other grounds, *Simmons Co. v. Deutsche Financial Svcs. Corp.*, 243 Ga. App. 85, 89 (532 SE2d 436) (2000).

Georgia appellate courts have followed federal cases when the FAA has preempted the field, because the federal act created a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the FAA. See *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, supra; *Hilton Constr. Co. v. Martin Mechanical Contractors*, supra at 702-703; *Primerica Financial Svcs. v. Wise*, 217 Ga. App. 36, 37 (1) (456 SE2d 631) (1995); *ADC Constr. Co. v. McDaniel Grading*, 177 Ga. App. 223, 224 (1) (338 SE2d 733) (1985).

Accordingly, this action was subject to arbitration even though a violation of the buyers warranty is not alleged.

2. Plaintiffs contend that the trial court erred in compelling arbitration, because Tidal Construction's conduct throughout the litigation was inconsistent with arbitration, thereby waiving it. We agree.

Although Tidal Construction raised in its answer the possibility of mandatory arbitration, it did not immediately invoke such right but, instead, proceeded with litigation of the case up to actual trial, which consisted of protracted discovery over 16 months, and which, fundamentally, was inconsistent with its right to arbitration. It engaged in extensive discovery, in a motion for summary judgment, in pre-trial order, in trial calendar settings, and in a jury selection. Tidal Construction waited from December 5, 2000, when it answered, raising its arbitration rights, until March 7, 2002, when it had completed discovery, which was a limited right under Georgia arbitration and absent under the FAA, to demand a stay and to arbitrate. OCGA § 9-9-9. Arbitration is intended and designed to provide a quick and cost effective method of dispute resolution. However, after the plaintiffs expended over $11,000 for trial preparation and after Tidal Construction failed to obtain a ruling on its motion for summary judgment and faced a jury trial after jury selection, only then, at the eleventh hour, did Tidal Construction invoke its rights to arbitration to avoid such jury trial. Such conduct is inconsistent with the rights of arbitration and constituted a waiver.

> The purpose of arbitration is to avoid the courts for dispute resolution. See 6 CJS 159, Arbitration, § 2. As a general rule, in proceedings to confirm or vacate an arbitration award the role of the trial court should be limited so that the purpose of avoiding litigation by resorting to arbitration is not frustrated. See *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232[, 236] (4) (335 SE2d 708) (1985).

*Hardin Constr. Group v. Fuller Enterprises*, 265 Ga. 770, 771 (462 SE2d 130) (1995). "Rights that are cognizable in a court of law are not necessarily dispositive of an arbitrated dispute. Rather, arbitration parties agree to waive certain such rights in favor of a quick resolution of their dispute by extralegal means." *Greene v. Hundley*, 266 Ga. 592, 595 (2) (468 SE2d 350) (1996); see also *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 600 (2) (499 SE2d 693) (1998). Parties to a binding arbitration agreement can waive constitutional rights, including the right to trial by jury to obtain a quick and simple resolution of the dispute. *Ekereke v. Obong*, 265 Ga. 728, 729 (1) (462

SE2d 372) (1995).[2] In this case, Tidal Construction sought to have both litigation short of trial and arbitration to avoid a jury trial, which is grossly inconsistent with the inherent purpose for arbitration. "The federal Act permits 'parties to an arbitrable dispute (to move) out of court and into arbitration as quickly and easily as possible.' *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, [supra at 22]." *Southland Corp. v. Keating*, 465 U. S. 1, 7 (104 SC 852, 79 LE2d 1) (1984).

Conduct of the parties, either or both, may repudiate, waive, or abandon an arbitration clause under the FAA. *American Sugar Refining Co. v. The Anaconda*, 138 F2d 765, 767 (7) (5th Cir. 1943), aff'd, *The Anaconda v. American Sugar Refining Co.*, 322 U. S. 42 (64 SC 863, 88 LE 1117) (1944). "An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration." (Citations omitted.) *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 13 (345 SE2d 53) (1986) (work performed under oral contract, then rendered to a written contract, including an FAA clause as to all disputes, after all prior claims settled); accord *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 779 (4) (556 SE2d 468) (2001) (default judgment waives the defense of mandatory arbitration); *Tillman Group v. Keith*, 201 Ga. App. 680, 681 (2) (411 SE2d 794) (1991) (trial of a case to judgment without raising arbitration rights). This court has previously held that even arbitration under the FAA will be waived by inconsistent conduct by a party invoking such rights. See *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, supra at 12-13; see also *American Sugar Refining Co. v. The Anaconda*, supra at 767.

3. The plaintiffs contend that the FAA does not apply, because the claims in this case do not involve interstate commerce. We do not agree with this reason, but in any event, we find a waiver of the FAA by the conduct of Tidal Construction.

The plaintiffs seek to avoid the scope of the FAA on the grounds that they do not make a claim under the Home Buyers Warranty, and, therefore, the FAA does not come into play, allowing them to proceed in tort and contract without arbitrating such issues. When parties by contract for an express warranty on home construction agree to arbitrate all issues under the FAA, all claims for negligence, negligence per se, fraud, breach of contract, implied warranty, and express warranty under the contract are subject to mandatory arbitration. See *Allied-Bruce Terminix Cos. v. Dobson*, 513 U. S. 265 (115 SC 834, 130 LE2d 753) (1995); *Eure v. Cantrell Properties*, supra at

---

[2] While the foregoing cases do not control in an FAA case, such cases are persuasive as to the purpose and intent of arbitration in general.

428. Virtually any activity related to building and construction involves interstate commerce, because materials flow across state lines and internationally. *Goldfarb v. Virginia State Bar*, 421 U. S. 773, 783-784 (95 SC 2004, 44 LE2d 572) (1975) (a local bar title examination fee schedule affected interstate commerce); *United States v. Patterson*, 792 F2d 531, 534-535 (5th Cir. 1986) (arson of condominiums owned by out-of-state partners was property involved in interstate commerce). "The broad authority of Congress under the Commerce Clause has, of course, long been interpreted to extend beyond activities in interstate commerce to reach other activities that, while wholly local in nature, nevertheless substantially affect interstate commerce." *McLain v. Real Estate Bd. of New Orleans*, 444 U. S. 232, 241-242 (100 SC 502, 62 LE2d 441) (1980). When the FAA is applicable, it must be applied using federal substantive law and the FAA preempts state law. *Southland Corp. v. Keating*, supra at 7; see also *Perry v. Thomas*, 482 U. S. 483, 492, n. 9 (107 SC 2520, 96 LE2d 426) (1987). An arbitration agreement within the scope of the FAA must be construed "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U. S. 614, 626 (105 SC 3346, 87 LE2d 444) (1985). "Under the FAA, written agreements to arbitrate contained in contracts involving interstate commerce are valid and enforceable in federal and state courts." (Citation omitted.) *Simmons Co. v. Deutsche Financial Svcs. Corp.*, supra at 86. Thus, arbitration under the FAA applies under the facts and circumstances of this case. *Eure v. Cantrell Properties*, supra at 430.

However, as we determined in Division 2 of this opinion, Tidal Construction's inconsistent conduct and delay in demanding mandatory arbitration under the FAA waived arbitration rights under the FAA; therefore, the trial court's stay and mandate of arbitration was error, requiring the reversal of said order.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 23, 2003 —
RECONSIDERATION DENIED JUNE 16, 2003.

*Eugene C. Brooks IV, Christopher M. Kessinger*, for appellants.
*Misner, Scott & Martin, Allison M. Lawler, Royal & Vaughan, Jeffrey S. Vaughan*, for appellee.