# United States Court of Appeals
## For the First Circuit

No. 03-2221

IN RE CITIGROUP, INC., CAPITAL ACCUMULATION PLAN LITIGATION,

WILLIAM LOMAS, On Behalf of Himself
and All Others Similarly Situated,

Plaintiffs, Appellees,

v.

TRAVELERS PROPERTY CASUALTY CORP.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Robert E. Keeton, U.S. Senior District Judge]

Before
Torruella, Circuit Judge,
Gibson,[*] Senior Circuit Judge,
and Lynch, Circuit Judge.

Thomas J. Dougherty, with whom Kara E. Fay, Michael D. Blanchard, Skadden, Arps, Slate, Meagher & Flom LLP, Boston Office, William P. Frank, Seth M. Schwartz, and Skadden, Arps, Slate, Meagher & Flom LLP, New York Office, were on brief, for appellant.
Nicholas J. Walsh, with whom Michael A. Collora, David A. Bunis and Dwyer & Collora, LLP, were on brief, for appellees.

July 16, 2004

---

[*]  Hon. John R. Gibson, of the Eighth Circuit, sitting by designation.

**TORRUELLA, <u>Circuit Judge</u>.** Defendant-appellant Travelers Property Casualty Corp. ("Travelers") appeals from the district court's denial of its motion to partially stay or dismiss the class action as to certain class members under the Federal Arbitration Act, 9 U.S.C. § 1-16. The district found Travelers had waived by its conduct any arbitration rights it had. We have jurisdiction over this interlocutory appeal under 9 U.S.C. § 16. We affirm.

## I.

Plaintiff William Lomas ("Lomas") filed a class action in Connecticut Superior Court in March 2000 on behalf of all former Connecticut employees of Salomon Smith Barney, Inc. ("SSB"); Salomon Smith Barney Holdings, Inc.; Travelers Group, Inc.; and all subsidiaries thereof.[1] The case was removed to the United States District Court for the District of Connecticut, and was consolidated and transferred, along with eleven other actions, to the United States District Court for the District of Massachusetts pursuant to an order of the Judicial Panel on Multidistrict Litigation ("MDL"). The underlying claims in the consolidated

---

[1] Defendants in this case are Citigroup, Inc.; Travelers Group, Inc.; Salomon Smith Barney, Inc.; and Salomon Smith Barney Holdings, Inc. Until 1998, Salomon Smith Barney Holdings, Inc., the parent of Salomon Smith Barney, Inc., was a subsidiary of Travelers Group, Inc. In 1998, Travelers Group, Inc. merged with Citicorp, Inc. to form Citigroup, Inc., the successor in interest to Travelers Group.

cases challenge the legality of the forfeiture provisions of the Capital Accumulation Plan sponsored by Travelers.[2]

The district court granted class certification on October 26, 2001. The class was defined as

> [a]ll former employees of Citigroup, Salomon Smith Barney, Travelers Group, Inc. or related and affiliated companies in Connecticut who participated in the Capital Accumulation Plan of Citigroup, Inc., Travelers Group, Inc., Travelers, Inc., and/or Primerica Corporation who resigned or who were terminated on or after March 13, 1994 and as a consequence lost the right to receive shares of stock and/or options and/or other earned income under the terms of the plan upon termination.

On July 23, 2002, the district court granted Travelers's motion to amend their answer to assert their right to arbitrate as an affirmative defense.

The class as certified included employees both who were subject to arbitration and those who were not. Some members of the class were excluded from arbitration because they were members of the National Association of Securities Dealers ("NASD"). That is because under NASD rules, a claim submitted as a class action "shall not be eligible for arbitration," nor may a member of NASD

---

[2] The plan provides covered employees with the opportunity to receive a portion of their earnings in awards of restricted stock in lieu of commissions. Other employees are required to participate in the plan and receive the stock as part of their annual discretionary bonus. The awards are subject to two or three year vesting periods as well as forfeiture of non-vested stock if the plan participant terminates his or her employment. The class action challenges the plan's vesting and forfeiture provisions under Connecticut law.

seek to enforce an arbitration agreement against another member who initiated a class action. See NASD Unif. Code of Arbitration § 10301(d). This meant that neither Lomas himself or those class members subject to NASD rules could be compelled to arbitrate. But the former Travelers employees who were within the class were not NASD members, nor was Travelers. Travelers argued that this group could be compelled to arbitrate their claims.

On May 5, 2003, Travelers moved pursuant to 9 U.S.C. § 3 to partially stay or dismiss the litigation as to any class members who had arbitrable claims asserted on their behalf by William Lomas, the lead plaintiff. The district court held that Travelers had waived its right to arbitration and denied the motion.[3]

## II.

Travelers challenges the district court's determination that Travelers waived its right to arbitrate any claims with class members who were covered by the class action certification. "Under federal law, such a [waiver] is an issue for the judge . . . and pertinent fact findings by the judge aside (which would be reviewed for clear error), our review is plenary." Rankin v. Allstate Ins. Co., 336 F.3d 8, 12 (1st Cir. 2003)(internal citation omitted).

---

[3] The district court also held that the motion to stay should be denied because it did not provide a precise and clear form of proposed order specifying the relief sought. Because we agree with the district court that Travelers waived its right to arbitration, we do not address that portion of the district court's order.

Federal policy strongly favors arbitration, see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983), but parties are not free to invoke arbitration rights at any time or under any circumstances. A party may waive arbitration expressly or implicitly. See Restoration Pres. Masonry, Inc. v. Grove Europe Ltd., 325 F.3d 54, 61 (1st Cir. 2003). In the instant case, the district court found that Travelers implicitly waived its right to arbitrate by participating in the litigation, unduly delaying assertion of its arbitration right, and prejudicing the plaintiffs.

"If arbitration is invoked in response to a lawsuit, it must be done early on in the case so resources are not needlessly deployed." Rankin, 336 F.3d at 13 (citing Menorah Ins. Co., Ltd. v. INX Reinsurance Corp., 72 F.3d 218, 221 (1st Cir. 1995)). Travelers argues that it invoked its right to arbitration in a timely manner, and that when it did so, plaintiffs had not suffered any prejudice; thus, Travelers argues, it did not implicitly waive any of its rights as to the arbitrable claims. We disagree.

In this Circuit, no one factor dominates the analytical framework for determining whether a party has implicitly waived its right to arbitrate.

> In determining whether a party to an arbitration agreement, usually a defendant, has waived its arbitration right, federal courts typically have looked to [1] whether the party has actually participated in the lawsuit or has taken other action inconsistent

-5-

with his right, . . . [2] whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff, . . . [3] whether there has been a long delay in seeking the stay or whether enforcement of arbitration was brought up when trial was near at hand . . . .

Other relevant factors are [4] whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings, . . . [5] whether important intervening steps (e.g. taking advantage of judicial discovery procedures not available in arbitration . . .) had taken place, . . . and [6] whether the other party was affected, misled, or prejudiced by the delay.

Creative Solutions Group, Inc. v. Pentzer Corp., 252 F.3d 28, 32-33 (1st Cir. 2001)(quoting Jones Motor Co., Inc. v. Chauffeurs, Teamsters & Helpers Local Union No. 633, 671 F.2d 38, 44 (1st Cir. 1982)). We have emphasized that, to succeed on a claim of waiver, plaintiffs must show prejudice. See Menorah Ins., 72 F.3d at 221 (quoting Sevinor v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 807 F.2d 16, 18 (1st Cir. 1986)). "Prejudice is relevant to waiver when it is the product of a defendant's failure to timely invoke the arbitration procedure." Creative Solutions, 252 F.3d at 33. When determining whether a defendant prejudicially failed to invoke arbitration in a timely manner, we consider the larger context of the litigation. See Restoration Pres. Masonry, 325 F.3d at 61; see also Navieros Inter-Americanos, S.A. v. M/V Vasilia Express, 120 F.3d 304, 316 (1st Cir. 1997).

Travelers argues that it timely asserted its right to arbitration in its motion to amend the complaint on April 17, 2002, filed six months after the class certification on October 28, 2001. We disagree. Travelers's April 17, 2002 motion to amend did indeed articulate its potential intentions to raise the arbitrability of certain claims as an affirmative defense within the class-certified action. See Fed. R. Civ. P. 8(c). It was not until Travelers filed its motion to stay arbitration, however, that Travelers actually asserted its right to arbitration and to proceedings extrinsic to the class action. See 9 U.S.C. § 3. Accordingly, in evaluating the extent of Travelers's delay in initiating arbitration, we look to the date of the motion to stay on May 5, 2003 rather than the motion to amend on April 17, 2002.

Three full years had elapsed between the filing of the complaint on March 10, 2000 and the motion to stay. Travelers argues, however, the claims were not arbitrable until the district court certified the class in October 2001 because it was prohibited under NASD rules from compelling arbitration on any pending claim. See NASD Unif. Code of Arbitration § 10301(d). Even assuming arguendo that the filing of the complaint did not trigger Travelers's arbitration rights, the class certification sufficed to alert Travelers that some of the class members in this action were covered by the arbitration clause. Thus, Travelers was on constructive notice that claims were asserted which were subject to

the arbitration provision for at least eighteen months prior to filing the motion to stay. There is no excuse for Travelers's delay in notifying the class members of its intention to seek arbitration nor for failing to seek arbitration promptly. "Litigation frequently puts parties to hard choices . . . ." Navieros, 120 F.3d at 316. Travelers knew its legal rights were implicated in this class action. "[W]e have . . . recognized that the very rationale for arbitration may be undercut if a party is permitted to pursue a claim through the courts and then later claim a right to arbitration . . . . Accordingly, we have repeatedly held that a party may, by engaging in litigation, implicitly waive its contractual right to arbitrate." Id. (citing Menorah Ins., 72 F.3d at 223)(internal citation omitted). In the context of this case, the delay of more than three years after the filing of the complaint and of 18 months after class certification were sufficient to waive Travelers's right to arbitrate, as long as the delay was prejudicial to plaintiffs. See Menorah Ins., 72 F.3d at 221-22 (waiver after one year delay).

Plaintiffs claim prejudice due to the delay for several reasons. First, plaintiffs argue, and we agree, that if the arbitrable claims are sent to arbitration they may be subject to new defenses related to the statute of limitations and the equitable doctrine of laches; and even if the defenses are not successful, plaintiffs will have to respond to them. Second, the

class notice was approved by the court in October 2001 and was sent immediately thereafter. See Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 925-26 (3d Cir. 1992)(finding of waiver where defendants in three class actions agreed to their consolidation). Finally, plaintiffs argue that they have structured their litigation as part of a class action regarding the same cause of action and not as individual actions focused on individual recovery. In the consolidated cases, the plaintiff class had already begun taking depositions and were subjects of motions to compel and motions to seal. In this case, at least fifteen depositions relevant to the Connecticut class action have been taken and at least twelve case management conferences were held. See Restoration Pres. Masonry, 325 F.3d at 61 (stating that there was prejudice when at least five depositions and thirteen pre-trial conferences had been held). We believe that the plaintiffs have shown prejudice.

Travelers argues that virtually all of the discovery which has taken place is relevant to the claims by class members not subject to arbitration. As to class members subject to arbitration, Travelers argues, discovery amounts only to five narrowly tailored and court-approved interrogatories. Further, that discovery was available to plaintiffs in arbitration in any event, so plaintiffs could not have been prejudiced. We believe, however, the waiver issue must be viewed through the lens of

-9-

Travelers's behavior and the detriment to the plaintiffs as a result of that behavior. If those claims were the only claims involved in the litigation Travelers's argument against a finding of prejudice would carry more weight. Travelers cannot now, after failing to invoke its arbitration right, rely solely on the fortuitous number of interrogatories allegedly related to the class members subject to arbitration. When a defendant has failed to timely invoke its rights, and during that delay, the litigation has proceeded into discovery, it cannot, particularly in the context of a class action, claim that the class members subject to arbitration will not suffer prejudice. Moreover, we must evaluate this argument in the context of the entire litigation, not a part of it. See id.; Navieros, 120 F.3d at 316. Discovery that implicated the class has begun: at least twelve sets of document requests have been served and answered; three sets of interrogatories have been served and answered; and requests for admissions have been served and answered. See Restoration Pres. Masonry, 325 F.3d at 61.

As stated above, Travelers took advantage of judicial resources such as depositions and case management conferences and availed itself of the uniquely judicial process of MDL consolidation. See id.; Menorah Ins., 72 F.3d at 222 ("To require that parties go to arbitration despite their having advanced so far in the court proceedings before seeking arbitration would often be unfair, for it would effectively allow a party sensing an adverse

-10-

court decision a second chance in another forum."). Thus, Travelers's argument that plaintiffs are not prejudiced because only five interrogatories have been answered which are relevant to the class members with arbitrable claims is unavailing because it fails to account for two important factors: the costs already incurred in discovery to both class members with and without arbitrable claims and the delay in invoking its arbitration rights; both of which caused the class members with arbitrable claims prejudice.[4]

Other litigation activity points to Travelers's implicit waiver of their right to arbitration. See Jones Motor Co., 671 F.2d at 44 (listing factors other than time and prejudice when determining whether a party has waived arbitration). Travelers invoked the litigation machinery by filing a motion for summary judgment, which was denied without prejudice by the district court as premature. See id.; see also Ritzel Communications, Inc. v. Mid-American Cellular Tel., Co., 989 F.2d 966, 969 (8th Cir. 1993)(filing a dispositive motion invokes the litigation machinery). Travelers sought to certify questions to the

---

[4] Travelers argues that no trial date has been set and that plaintiffs' trial strategy cannot therefore be implicated. The trial date cannot currently be set for this matter by the district judge. See 28 U.S.C. § 1407(a)(stating that once the MDL procedure is complete, the matters will be remanded to the transferor courts and set for trial). Given that this is an MDL litigation, we believe that this argument cannot be successful when viewed in the context of the litigation proceedings that have already occurred.

-11-

Connecticut Supreme Court and vigorously opposed class certification. Travelers also filed a compulsory counterclaim under Fed. R. Civ. P. 13(a) in this lawsuit. See Jones Motor Co., 671 F.2d at 44 (one factor in determining waiver is "whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings"). Travelers cannot overcome the prejudice suffered by plaintiffs due to the delay in asserting its right to arbitration. Given the complexity of the litigation, knowing full well the wide-ranging implications for all parties involved (across several jurisdictions), Travelers should have acted in a prompt manner to assert its right to arbitrate claims in issue.

## III.

For the reasons stated above, we affirm the district court's denial of the motion to stay.

**Affirmed**.