## A08A0888. ED VOYLES JEEP-CHRYSLER, INC. v. WAHLS.
(670 SE2d 540)

PHIPPS, Judge.

Don Wahls contracted with Ed Voyles Jeep-Chrysler, Inc. (Ed Voyles) for the lease of a vehicle. Ed Voyles assigned the lease to DaimlerChrysler Financial Services Americas, LLC (Chrysler Financial). Wahls later brought this suit charging Ed Voyles and Chrysler Financial with, among other things, breach of contract and fraud by leasing him the vehicle rather than selling it to him.

We granted Ed Voyles's application for interlocutory appeal of an order denying its and Chrysler Financial's motions to stay the action and compel arbitration. The question is whether Ed Voyles waived its right to arbitration by failing to timely assert it. The trial court concluded that it did. For reasons that follow, we affirm.

Wahls brought this suit in January 2007. Chrysler Financial and Ed Voyles both timely answered the suit. On March 7, Chrysler Financial served Wahls with interrogatories and a request for production of documents. Later that month, Chrysler Financial amended its answer to add as a defense that the lease agreement contains provisions giving either party the right to have any dispute decided by arbitration governed by the Federal Arbitration Act (FAA). About two weeks later, Ed Voyles filed a notice to take Wahls's deposition on April 19. But three days before the scheduled deposition, Chrysler Financial filed a motion to stay this action and compel arbitration. About ten days later, Ed Voyles filed a similar motion. Wahls opposed the requested stay.

At a hearing on the motions, it was shown that after counsel for Ed Voyles had filed the notice to take Wahls's deposition, he sent Wahls's attorney a letter advising her that he did not want the taking of the deposition to be construed as a waiver of its right to arbitrate. The next day, Wahls's attorney sent counsel for Ed Voyles an e-mail refusing to agree to that. Without formally withdrawing the deposition notice, Ed Voyles's attorney then e-mailed Wahls's attorney and informed her that the deposition was being cancelled. It was also shown at the hearing that Wahls responded to Chrysler Financial's discovery requests and that Ed Voyles received these discovery responses before it filed the notice to take Wahls's deposition. Following the hearing, the trial court entered an order denying both motions to stay.

We look to federal law to identify the standard to be used in reviewing a trial court's determination that a party has waived its right to arbitration under the FAA.[1] Applying federal law, we have held that such a determination "is a legal conclusion subject to our plenary review, *but* that the findings upon which the conclusion is based are predicate questions of fact, which may not be overturned unless clearly erroneous."[2]

On the question of waiver itself, we have held, again in application of federal law, that although "there is a strong presumption against waiver under the FAA[,]"[3] "a party may, by its conduct, waive its right to arbitration."[4] "A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, in so acting, has in some way prejudiced the other party."[5] In determining whether a party to an arbitration agreement, usually a defendant, has waived its arbitration right, federal courts typically have looked to whether the litigation machinery has been substantially invoked and whether the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff.[6] Other relevant factors include whether important intervening steps, such as taking advantage of judicial discovery procedures not available in arbitration, have taken place.[7] Although discovery is a limited right under Georgia arbitration, it is absent under the FAA.[8]

In *Wise v. Tidal Constr. Co.*,[9] the defendant waived its right to arbitrate by not invoking that right until the eve of trial, after it had engaged in extensive discovery and moved unsuccessfully for summary judgment. Although the defendant in *Wise* stated in its answer that the matter might be subject to mandatory arbitration, it proceeded with the litigation for over two years without moving for a stay. Similarly, in *USA Payday Cash Advance Center #1 v. Evans*,[10] the defendants asserted the existence of an arbitration agreement as a defense in their answer but did not move to compel arbitration and

---

[1] *USA Payday Cash Advance Center # 1 v. Evans*, 281 Ga. App. 847, 848 (637 SE2d 418) (2006).

[2] Id. (citation and punctuation omitted; emphasis in original).

[3] *Langfitt v. Jackson*, 284 Ga. App. 628, 632 (1) (644 SE2d 460) (2007) (citation and punctuation omitted).

[4] *Evans*, supra at 849 (citation and punctuation omitted).

[5] Id. (citation and punctuation omitted).

[6] *Lomas v. Travelers Property Cas. Corp.*, 376 F3d 23, 26 (1st Cir. 2004).

[7] Id.

[8] *Wise v. Tidal Constr. Co.*, 261 Ga. App. 670, 674 (2) (583 SE2d 466) (2003).

[9] Id. at 674-675 (2).

[10] Supra.

stay the proceedings until over a year after the complaint was filed. In the interim, the defendants responded to plaintiffs' discovery requests, pled to the merits, allowed the case to be placed on the trial calendar, and transferred assets out of state. Because plaintiffs had been prejudiced by having incurred litigation expenses and having been placed in a less secure position to collect a judgment, defendants waived their right to arbitrate.

Before asserting their arbitration rights, the defendants in *Langfitt v. Jackson*[11] did not invoke any aspect of the litigation process other than obtaining an extension of time to file their answers and participating in court-ordered mediation. No discovery occurred until after defense motions to stay the proceedings and compel arbitration were denied. No waiver of the defendants' right to arbitration was found.[12] In *Shinto Shipping Co. v. Fibrex & Shipping Co.*,[13] the plaintiff in a suit to compel arbitration did not waive its arbitration right by taking various depositions where the deponents were nonparties and the expense to the defendant was insignificant.

Factually, this case falls somewhere between the kind of scenario presented in cases such as *Wise* and *Evans* and that found in *Langfitt* and *Shinto Shipping*. Although Chrysler Financial asserted its right to arbitrate within about four weeks after filing its initial answer, it served Wahls with discovery requests before amending its answer to include the defense of arbitration and then awaited Wahls's discovery responses before moving to stay this action and compel arbitration. And although Ed Voyles moved to stay this action and compel arbitration within about eight weeks of answering the complaint, it never asserted the defense of arbitration in any responsive pleading and did not invoke its arbitration right until after it had noticed and then cancelled Wahls's deposition and after it had received Wahls's discovery responses. Clearly, therefore, both Ed Voyles and Chrysler Financial took actions in this litigation inconsistent with their arbitration rights. Such actions could have prejudiced Wahls by putting him to the trouble and expense of preparing for the deposition and responding to the discovery requests and by requiring him to thereby produce information that he would not be required to divulge in arbitration. As a factual matter, the trial court was authorized to find that the actions of both Ed Voyles and Chrysler Financial were sufficiently prejudicial to Wahls to warrant a determination that each of them had waived their arbitration rights. We,

---

[11] Supra.

[12] 284 Ga. App. at 632-634 (1).

[13] 572 F2d 1328 (9th Cir. 1978).

therefore, affirm the court's conclusion that a waiver of arbitration rights occurred.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 26, 2008.

*Goldstein & Hayes, James T. Ponton,* for appellant.

*Carlock, Copeland & Stair, Rachel E. Sullivan, Holly L. Geerdes,* for appellee.