**THIRD DIVISION
DOYLE, P. J.,
REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 28, 2022**

# In the Court of Appeals of Georgia

A21A1681. PRUITTHEALTH-AUGUSTA, LLC et al. v. LYELL et al.

DOYLE, Presiding Judge.

PruittHealth-Augusta, LLC, PruittHealth, Inc., a/k/a UHS Pruitt Corporation, PruittHealth Consulting Services, Inc., and Neil L. Pruitt, Jr., (collectively "PruittHealth") appeal from the trial court's denial of their motions to dismiss or, in the alternative, to stay proceedings and compel arbitration in the underlying wrongful death action filed by Connie Lyell, individually, as daughter of Dorothy Mae Watts, deceased, and as Administrator of the Estate of Dorothy Mae Watts. This Court granted PruittHealth's application for interlocutory appeal,[1] and PruittHealth now argues that the trial court erred by finding that the arbitration agreement was

---

[1] See *PruittHealth-Augusta, LLC, et al. v. Lyell et al.*, Case No. A21I0202 (order issued May 26, 2021).

procedurally unconscionable. For the reasons that follow, we vacate the trial court's order and remand the case with direction.

"On appeal, this Court reviews the record de novo to determine whether the trial court's denial of the motion to compel arbitration is correct as a matter of law. However, we defer to the trial court's findings of fact upon which its denial was based unless those findings are clearly erroneous."[2]

Viewed in this light, the record shows that in April 2013, 76-year-old Watts moved from a nursing facility in another part of the state to PruittHealth's skilled nursing facility in Augusta. Prior to Watts's admission, her daughter and financial power of attorney, Connie Lyell, faxed to PruittHealth a copy of the financial power of attorney showing that Lyell had the ability to decide whether to pursue litigation, arbitration, or other matters on Watts's behalf.[3]

---

[2] (Punctuation omitted.) *Schinazi v. Eden*, 351 Ga. App. 151, 156 (830 SE2d 531) (2019), quoting *Kindred Nursing Centers Ltd. Partnership v. Chrzanowski*, 338 Ga. App. 708, 708-709 (791 SE2d 601) (2016), and citing *Ed Voyles Jeep-Chrysler v. Wahls*, 294 Ga. App. 876, 877 (670 SE2d 540) (2008).

[3] The specific provision at issue stated that Lyell had the power

[t]o commence, prosecute, discontinue, or defend all actions or other legal proceedings touching my property, real or personal, or any part thereof, or touching any matter in which [Watts] or [her] property, real

2

Despite this knowledge, PruittHealth, through its employee, Rose Merchant, presented to Watts 89 pages of admissions documents upon her arrival to the facility without Lyell being present. Included in the documents was an arbitration agreement. The documents were prepopulated with spaces for Watts's signature and also for Lyell's signature despite the fact that the documents were only presented to Watts to be signed. Merchant deposed that she never represented to any patient that signing the arbitration agreement was a prerequisite for admission to the facility.[4] Moreover, despite the fact that she indicated on the documents that she gave a copy of the documents to Watts and Lyell, Merchant failed to do so.

Eventually, on October 5, 2018, Watts passed away after a fall from her bed two months earlier that resulted in numerous injuries, and Lyell filed the instant

---

or personal, may be in any way concerned. To defend, settle, adjust, make allowances, compound, submit to arbitration, and compromise all accounts, reckonings, claims, and demands whatsoever that now are, or hereafter shall be, pending between [Watts] and any person, firm, corporation, or other legal entity, in such manner and in all respects as [Lyell] shall deem proper.

[4] Notably, Merchant deposed that her employee review included the percentage of arbitration agreements signed by incoming residents that she procured, and she was encouraged to maximize the number of signed arbitration agreements.

wrongful death action alleging negligence and other claims against PruittHealth.[5] PruittHealth filed a motion to dismiss or, in the alternative, to stay proceedings and compel arbitration based on the arbitration clause signed by Watts at entry to PruittHealth's skilled nursing facility. Lyell responded, arguing that the arbitration agreement should not be enforced because it was unconscionable.

Following a hearing, the trial court denied PruittHealth's motion, concluding that the arbitration agreement was procedurally unconscionable and thus unenforceable. The court listed several factors it considered in making its ruling. Specifically, the court noted the lack of inquiry made by Merchant into Watts's medical condition or ability to read before presenting her with the arbitration clause to sign given the vulnerability of a patient entering a long-term nursing facility; the failure of the facility to have Lyell sign the agreement given its prior knowledge that Lyell was Watts's financial power of attorney and its inclusion of a specific place for signing Lyell's name to the agreement; and the failure of PruittHealth to provide a

---

[5] Lyell alleged that PruittHealth's negligence resulted in Watts sustaining "(a) a fractured right tibia as a result of a fall that resulted in acute blood loss; (b) skin breakdown, including multiple skin tears and a ruptured hematoma on her left calf that became infected; (c) urinary tract infections; (d) sepsis; (e) protein-calorie malnutrition; (f) dehydration; (g) insults to her human dignity; (k) violation of her rights; (1) physical pain and suffering; (m) mental anguish; and (n) . . . untimely death."

copy of the agreement to either Watts or Lyell given that it was company policy to do so and would have allowed Watts and Lyell 30 days in which to revoke the agreement to arbitrate. The court reasoned that "[n]o single failure of the Defendants le[d] this court to the conclusion that the Agreement, as executed, was procedurally unconscionable. Instead, it is the combined effect of all of those procedural deficiencies which leads this Court to conclude that the Agreement is procedurally unconscionable and, therefore, unenforceable."

Thereafter, the trial court issued a certificate of immediate review, this Court granted PruittHealth's discretionary appeal application, and this appeal followed.

In a single enumeration of error, PruittHealth challenges the court's order finding that the arbitration agreement was unenforceable because it was procedurally unconscionable. We agree.

"An unconscionable contract is abhorrent to good morals and conscience and is an agreement in which one of the parties takes a fraudulent advantage of another."[6] A claim of substantive unconscionability "'looks to the contractual terms

---

[6] (Punctuation omitted.) *Smith v. Adventure Air Sports Kennesaw, LLC*, 357 Ga. App. 1, 6 (2) (849 SE2d 738) (2020).

themselves'"; a claim of procedural unconscionability "'considers the process of making the contract.'"[7]

Here, the trial court erred by finding that the arbitration agreement was procedurally unconsionable. Despite the fact that one of the findings made by the trial court to support its finding of unconsionability was Merchant's failure to inquire into Watts's health and mental capacity at the time the agreement was signed, the trial court also acknowledged that Watts's mental capacity to enter into the arbitration agreement was undisputed by Lyell, and there was no other record evidence that Watts was incompetent. The trial court also found that the financial power of attorney did not divest Watts of the authority to enter into the arbitration agreement without Lyell's agreement; it then found that the fact that the prepopulated form was not signed by Lyell was evidence of unconsionability. But if Watts was competent to sign, as was undisputed, then it was unnecessary for Lyell to sign the agreement in order for it to bind Watts and require arbitration of any claims arising from PruittHealth's negligence regarding treatment of Watts.[8]

---

[7] See *Innovative Images, LLC v. Summerville*, 309 Ga. 675, 685 (3) (b) (848 SE2d 75) (2020).

[8] See *United Health Svcs. of Ga., Inc. v. Norton*, 300 Ga. 736, 738-739 (2) (797 SE2d 825) (2017) (holding that wrongful death claims are derivative of the

6

Evidence that PruittHealth failed to give copies of the signed agreement to Watts or to Lyell (even though Lyell was not a party to the agreement and as we said above, Watts was competent to enter into the agreement on her own behalf), is not evidence of unconscionability into the *making* of the agreement or any fraud to induce an unsophisticated client to accept the agreement.[9] Moreover, any lack of sophistication or economic disadvantage Watts may have had in comparison to PruittHealth is not sufficient standing alone to support a finding of procedural unconscionability.[10]

The final contention — that Merchant defrauded Watts into signing the agreement by characterizing the nature of arbitration as a cheaper and a less time consuming alternative to litigation — is simply not enough to convert Watts's signing into a voidable act.[11] In addition to the fact that Merchant's deposition testimony on

decedent's claims and the decendent's beneficiaries are therefore bound by arbitration agreements between the defendant and beneficiaries).

[9] See *Summerville*, 309 Ga. at 685-686 (3) (b).

[10] See id. See also *Results Oriented, Inc. v. Crawford*, 245 Ga. App. 432, 440-441 (1) (c) (538 SE2d 73) (2000) ("lack of sophistication or economic disadvantage of one attacking arbitration will not amount to unconscionability").

[11] See *Crawford*, 245 Ga. App. at 439 (1) (c).

7

this point was a hypothetical situation in which the attorney asked her to present the agreement to them as if they were an incoming resident, Merchant also deposed that she never told a patient that signing was a requirement before entering the facility and that she told them they had 30 days to revoke acceptance of the agreement. Moreover, Watts could have read the agreement at issue (indeed, she initialed each page), which alerted her to the fact that she was agreeing to arbitrate any claims rather than litigate them. Merchant did not mischaracterize the agreement into which Watts was entering. It was clear that Watts would give up her right to a jury trial if she agreed to arbitrate. Accordingly, this finding was not sufficient to support the trial court's conclusion that the agreement was procedurally unconscionable. Therefore, we vacate the trial court's order denying PruittHealth's motion and remand to determine the appropriate relief as requested in PruittHealth's motion.

*Judgment vacated and case remanded. Reese and Brown, JJ., concur.*