## 65001. HORNSBY v. HANCOCK.

SOGNIER, Judge.

Gary Hornsby sued Dr. Charles Hancock in Fulton County alleging that Dr. Hancock amputated the tip of his finger without his consent, thereby committing an assault and battery upon his person. Upon call of the case for trial Hornsby voluntarily dismissed his suit and, after the statute of limitation had run, renewed his suit in Fulton County within six months as permitted by OCGA § 9-2-61 (former Code Ann. § 3-808). Dr. Hancock answered the second suit and raised for the first time lack of venue and jurisdiction of his person. The trial court granted Dr. Hancock's motion to dismiss on these grounds. Hornsby appeals.

Appellant contends that because appellee failed to properly raise the venue issue in the first suit, he waived this defense and was estopped to raise it when the action was renewed in the same improper county. We do not agree.

Under the Civil Practice Act a defense of lack of jurisdiction over the person or improper venue may be waived by a failure to raise these issues by a motion to dismiss or in a responsive pleading, as originally filed. OCGA § 9-11-12 (h) (1) (former Code Ann. § 81A-112 (h) (1)); *Whitby v. Maloy,* 145 Ga. App. 785 (2) (245 SE2d 5) (1978). In the original suit appellant alleged that Dr. Hancock's residence was "2313 Sherbrook Drive, N. E., Atlanta, Fulton County, Georgia." In his first answer Dr. Hancock stated that "his residence is 2313 Sherbrook Drive, N. E., Atlanta, DeKalb County, Georgia," but he did not object to venue in Fulton County. It is undisputed that at all times Dr. Hancock resided in DeKalb County, but was served in Fulton County. It thus appears that improper venue was waived in the original suit. *Hill v. Kaminsky,* 160 Ga. App. 630 (1) (287 SE2d 639) (1981); *Cotton v. Ruck,* 157 Ga. App. 824 (278 SE2d 693) (1981).

However, we do not agree that a defendant who fails to utilize the defense of improper venue is estopped as a matter of law from raising it in a subsequent action brought against him in the same

county by the same plaintiff even if the statute of limitation has run.

It is settled that OCGA § 9-2-61 (Code Ann. § 3-808) " 'in granting the right to renew within six months, forms an exception to the statute of limitations, and has no reference to the subject of venue. The new action may be brought "in any county having jurisdiction thereof in this State." ' *Cox v. Strickland,* 120 Ga. 104 (4) (47 SE 912)." *Keramidas v. Dept. of Human Resources,* 147 Ga. App. 820, 821 (1) (250 SE2d 560) (1978). Thus, a suit which is voluntarily dismissed after the statutory period of limitation has passed may be refiled *in the correct county. Fowler v. Aetna Cas. &c. Co.,* 159 Ga. App. 190, 192 (283 SE2d 69) (1981). Additionally, OCGA § 9-2-61 (Code Ann. § 3-808) applies only if the original suit is a valid suit, *Fowler,* supra; but will not apply if the original suit is void. *Cutliffe v. Pryse,* 187 Ga. 51, 53 (200 SE 124) (1938). Where defendant has waived venue in the original suit, that suit is not void and may be renewed. *Cutliffe,* supra; *Chance v. Planters &c. Co-op.,* 219 Ga. 1, 6 (131 SE2d 541) (1963).

The same cause may be renewed, recommenced, or brought over, but it is in effect *de novo,* except that the statute of limitation does not run, provided it is brought within six months from the time of the dismissal. *Bishop v. Greene,* 62 Ga. App. 126, 127 (8 SE2d 448) (1940). OCGA § 9-2-61 (Code Ann. § 3-808) merely tolls the statute of limitation, but does not prevent the defendant from filing such proceedings as he may deem best as against the recommenced action; a suit which has been dismissed and renewed, even in the same court, may be defended on renewal on the grounds of venue though no such defense was raised in the original action; a plaintiff, on renewal, may allege additional facts or contentions, and the defendant likewise can interpose such defensive pleadings as he may deem best. *Robinson v. Attapulgus Clay Co.,* 55 Ga. App. 141, 142 (1) (189 SE 555) (1937).

Appellant argues that Dr. Hancock is estopped from raising the venue defense in the instant suit by his admissions and actions in the original case, upon which appellant acted to his detriment. We disagree.

Dr. Hancock's original response apprised appellant that his residence was in DeKalb County, even though improper venue was not raised as a defense. We see no attempt to deceive or mislead appellant in this regard. "The party seeking the benefit of estoppel... *must have acted in good faith and reasonable diligence,* otherwise no equity will arise in his favor. [Cit.] ... In order for an estoppel to arise, there must generally be some intended deception, or gross negligence amounting to constructive fraud by which another is misled to his injury. [Cit.] . . . There can be no estoppel by conduct where both parties have equal knowledge or equal means of knowing the truth.

[Cit.] . . . Another sound applicable rule of law is that the party claiming estoppel must have relied and acted upon declarations or conduct of the other party and not on his own knowledge or judgment. [Cits.]" *Tybrisa Co. v. Tybeeland,* 220 Ga. 442, 445-46 (139 SE2d 302) (1964). Accord, *Gainesville Glass Co. v. Don Hammond, Inc.,* 157 Ga. App. 640 (2) (278 SE2d 182) (1981). The trial court correctly dismissed the suit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 25, 1983.

*Edward J. P. Walsh,* for appellant.

*Edgar H. Sims, Jr., John R. Lowery, Barclay T. Macon, Jr.,* for appellee.