### 73828. ADAMS et al. v. GLUCKMAN et al.

(359 SE2d 710)

Pope, Judge.

On January 8, 1985 plaintiffs filed a medical malpractice claim against defendant Richard J. Gluckman, M.D., and others, alleging negligence arising out of the death of an infant on January 11, 1983. Plaintiffs voluntarily dismissed their action on March 1, 1985 and re-filed the claim on August 28, 1985. Pursuant to OCGA § 9-2-61 (a) (amended 1985), the period of limitation for the renewal action survived for six months after the original claim was dismissed, until September 1, 1985. Even though the complaint and summons recited defendant's residence address, service was not made upon defendant personally or by leaving the summons at defendant's dwelling house. Instead, service was made by leaving a copy of the summons and complaint with defendant's office manager at his place of business. Defendant raised the defense of insufficiency of service in his answer. In response to plaintiffs' request for production of all documents supporting the defenses raised in the answer, defendant produced a copy of the sheriff's entry of service. Nevertheless, plaintiffs never took corrective action to serve the defendant personally until February 2, 1986, after defendant had filed his motion for summary judgment and approximately 150 days after the period of limitation had expired. Plaintiffs appeal from the lower court's grant of summary judgment to defendant.

1. Plaintiffs argue that service upon the office manager complied with the requirements of OCGA § 9-11-4 (d) (7) because the office manager was "an agent authorized by appointment . . . to receive service of process." By affidavit, defendant denied his office manager was authorized to receive legal process on defendant's behalf. Plaintiffs argue that employees of defendant's office staff were vested with apparent authority to act as defendant's agents for accepting service of process by defendant's previous conduct. The evidence shows defendant did not raise the defense of insufficiency of service to plaintiffs' original complaint which was also served upon the same employee. However, an action renewed pursuant to OCGA § 9-2-61 (a) is an action *de novo*. A defendant is not estopped from raising a proper defense in a renewal action simply because that defense was not raised in the original action. *Hornsby v. Hancock*, 165 Ga. App. 543 (301 SE2d 900) (1983). Plaintiff also presented certified copies of two other complaints filed against this defendant by other claimants. The

entries of service in these other actions show service was made upon other individuals at defendant's place of business and the answers to these complaints show defendant did not raise the defense of insufficiency of service. However, the evidence does not establish the identity of these other individuals or the capacity in which they accepted service. The fact that defendant consented to substituted service upon unidentified individuals on other occasions does not establish that his office manager was authorized to receive legal process. "Under the circumstances, the trial court was warranted in concluding that the [office manager] was not the agent for [defendant]." *Headrick v. Fordham*, 154 Ga. App. 415, 417 (268 SE2d 753) (1980).

Actual knowledge by the defendant that a complaint has been filed does not cure the defect in service. *Hardwick v. Fry*, 137 Ga. App. 771 (225 SE2d 88) (1976). *Brim v. Pruitt*, 178 Ga. App. 321 (342 SE2d 690) (1986), is not dispositive of this case since our holding in *Brim* was based upon the recognition "that notice can be accomplished by giving the papers to someone else . . . so long as it is the usual place of abode." Id. at 325. In the case at hand, the service papers were not left at defendant's place of abode but at his place of business while he was not present on the premises. "Service upon the secretary of a physician at his office address is not personal service unless she has been appointed as his agent for such service." *Bible v. Hughes*, 146 Ga. App. 769, 771 (247 SE2d 584) (1978); accord *Headrick v. Fordham*, supra. In this case, service upon the physician's office manager who was not appointed as his agent was insufficient.

In accordance with the above, we find defendant was not properly served until 150 days after the period of limitation for plaintiffs' action had expired. "Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff." *Bible v. Hughes*, supra at 770. In this case, plaintiff knew defendant's residence address and had notice that defendant reasserted his defense of insufficiency of service in response to plaintiffs' discovery request. "The reason for lack of service prior to that time appears to be entirely the fault of the plaintiff[s]." Id. "It is laches, authorizing the court to dismiss the action where the statute of limitation had run before the service was so belatedly perfected." *Hilton v. Maddox &c. Contractors*, 125 Ga. App. 423, 426-427 (188 SE2d 167) (1972).

2. Plaintiffs' second enumeration of error is addressed in Division 1.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

Decided June 29, 1987 —
Rehearing denied July 14, 1987 — 

*David C. Farshy, Foy R. Devine*, for appellants.
*Robert G. Tanner*, for appellees.