### 77612. ARCHIE v. SCOTT et al.
(378 SE2d 182)

CARLEY, Chief Judge.

On May 29, 1986, appellant-plaintiff filed a medical malpractice action against appellee-defendants. Appellees answered, denying the material allegations of the complaint, and they subsequently filed a motion for summary judgment. However, appellant voluntarily dismissed his complaint without prejudice on January 30, 1987.

On July 21, 1987, appellant refiled his complaint and, because the statute of limitations had run, he invoked the renewal provisions of OCGA § 9-2-61. In the interim between the voluntary dismissal of appellant's original action and the commencement of his renewal action, the General Assembly enacted OCGA § 9-11-9.1, which had become effective on July 1, 1987. Because the six-month renewal period would expire within ten days of the refiling of the action and because he had alleged in his refiled complaint that the affidavit of an expert could not be obtained due to time restraints, appellant was afforded an additional 45 days within which to supplement his pleadings with the requisite affidavit. See OCGA § 9-11-9.1 (b). Upon determining that he would not be able to obtain an affidavit within that 45-day period, appellant filed a motion for an extension of time. See OCGA § 9-11-9.1 (b). The trial court denied appellant's motion for an extension. After the expiration of the 45-day period, appellees filed motions to dismiss based upon appellant's failure to comply with OCGA § 9-11-9.1 (b). After conducting a hearing, the trial court granted appellees' motions. Appellant appeals from the order dismissing his action for the failure to comply with the requirements of OCGA § 9-11-9.1.

1. In several enumerations, appellant attacks the constitutionality of OCGA § 9-11-9.1. "A constitutional question is within [the Supreme] [C]ourt's jurisdiction if it involves . . . an attack upon the constitutionality of some law of this state. . . . [Cit.]" *Zepp v. Mayor & Council of Athens*, 255 Ga. 449, 451 (2) (339 SE2d 576) (1986). However, "[i]t clearly is the law of this state that the Supreme Court is not required to and 'will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge. [Cits.]' [Cits.]" *Philyaw v. Fulton Nat. Bank*, 139 Ga. App. 28, 29 (1) (227 SE2d 811) (1976). Accordingly, it is only if the constitutionality of OCGA § 9-11-9.1 was challenged in the trial court that it would be proper to transfer this case to the Supreme Court. A review of the record shows that no such challenge was made in this case. Therefore, the enumerations which attack the constitutionality of the statute present nothing for review by any appellate court and jurisdiction over the remaining enumerations of error is in this court.

2. Appellant enumerates the trial court's order as erroneous for the reason that OCGA § 9-11-9.1 is not applicable to this case. He urges that a renewal action is but a continuance of the original action and, thus, is to be governed by the procedural rules which were in effect at the time that the original action was filed.

It is clear, however, that "an action renewed pursuant to OCGA § 9-2-61 (a) is an action *de novo*," not a continuance of the original action. (Emphasis in original.) *Adams v. Gluckman*, 183 Ga. App. 666 (1) (359 SE2d 710) (1987). "The same cause may be renewed, recommenced, or brought over, but is in effect *de novo*, except that the statute of limitation does not run, provided it is brought within six months from the time of the dismissal. [Cit.]" (Emphasis in original.) *Hornsby v. Hancock*, 165 Ga. App. 543, 544 (301 SE2d 900) (1983). See also *Stevens v. FAA's Florist*, 169 Ga. App. 189 (311 SE2d 856) (1983). Accordingly, a renewal action is governed by those procedural rules which are in effect at the time that it is filed. See generally *St. Joseph's Hosp. v. Nease*, 189 Ga. App. 239 (375 SE2d 241) (1988). " ' "No person can claim a vested right in any particular mode of procedure for the enforcement or defen[s]e of his rights. . . ." ' " *Hart v. Owens-Ill.*, 161 Ga. App. 831, 834 (289 SE2d 844) (1982). See also *Berry v. Siskin*, 128 Ga. App. 3 (2) (195 SE2d 255) (1973). Compare *Polito v. Holland*, 258 Ga. 54 (3) (365 SE2d 273) (1988). It follows that OCGA § 9-11-9.1 is the applicable procedure which governs the instant renewal action and that the trial court did not err in so holding.

3. Appellant enumerates as an erroneous abuse of discretion the trial court's refusal to grant his motion for an extension of time

within which to file the requisite affidavit.

OCGA § 9-11-9.1 (b) provides, in pertinent part, that "[t]he trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires." Subsequent to his treatment by appellees, appellant had undergone surgery in Germany and, in his motion, appellant alleged that, because he had not had sufficient time to have his medical records of that surgery, which were in German, translated, he had been unable to submit those records to an expert for evaluation. "We will not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of discretion. [Cits.]. . . Where the trial court hears evidence, considers briefs and arguments and thereafter in the exercise of its discretion renders a judgment on a motion, in the absence of legal error, the sole question for determination is whether there is any evidence to authorize and support that exercise of discretion." *Cohutta Mills v. Bunch*, 166 Ga. App. 395, 397 (304 SE2d 431) (1983). A review of the record shows that appellant and his attorneys had approximately two years within which to collect and translate the medical records from Germany. The evidence supports the trial court's finding that appellant failed to show "good cause" for an extension of time and the denial of the motion for such an extension was not erroneous.

4. Since OCGA § 9-11-9.1 was applicable to this action and appellant failed to comply with its requirements within the time specified by the statute, the trial court correctly granted appellees' motions to dismiss appellant's complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1989.

*Repasky, Minin & Bates, Alexander J. Repasky, Michael R. Goldberg*, for appellant.

*Stephen M. Forte, Michael G. Frick, Jennie E. Rogers*, for appellees.