A95A0168. DEPARTMENT OF CORRECTIONS v. MACK.
(459 SE2d 573)

BEASLEY, Chief Judge.

Mack was employed by the Georgia Department of Corrections as director of the mental health unit at the Rutledge Correctional Institution beginning in February 1988, after having been employed by the Department of Human Services from 1976 to 1985 and as a mental health counselor at the Department of Corrections from 1985 to 1988. He was discharged from his employment on November 26, 1990, for violating the policy against sexual harassment contained in the Department's Standard Operation Procedures Rule IVJ 13-0003 (effective April 1, 1989).

Some two years after hearing argument in the matter, the superior court reversed the State Personnel Board's adoption of its hearing officer's decision, which had upheld Mack's discharge. We granted the Department's application for discretionary appeal. The problem in this case involves the procedure that was followed by the Department.

The Department's Rule IVJ 13-0003 provides:

"2. Complaints of sexual harassment received by any . . . Appointing Authority . . . will be reported as soon as possible to the Director of Employee Relations.

"3. Upon receipt of the report of sexual harassment, the Director of Employee Relations will evaluate the report and, where appropriate, assign the case to a Certified Grievance Hearing Officer for investigation."

Next is set out the procedure the hearing officer is to follow. Included is that if, after investigating, the hearing officer determines the matter should be referred to the Internal Affairs Section for further investigation, the hearing officer is to consult with the Director of Employee Relations regarding referral.

Within ten days of completing the inquiry, the hearing officer is to report the findings, conclusions, and recommendations to the Department's Commissioner, with a copy to the Director of Employee Relations. The Commissioner is to take appropriate action based on this report and the Internal Affairs Section's report, if the matter was referred to it. All employees were to read this rule regarding policy and procedure, and Mack did so on April 20, 1989, as indicated by his signature on the acknowledgment form.

The warden at Rutledge, who is the Appointing Authority in this case, received complaints of sexual harassment from two of Mack's subordinate female employees, Favors and Barns. He did not report the complaints to the director of employee relations at the Department's headquarters in Atlanta for evaluation, and a certified grievance hearing officer was not appointed. The warden testified that these were the first sexual harassment complaints he had received and that, on the advice of the regional office, he referred the matter to Internal Affairs for investigation.

During its course, Mack was interviewed at the Department's central offices by the two attorneys who then prosecuted the case on behalf of the Department. They expressly represented to Mack that they were conducting the "interview" as administrative hearing officers, "so as to enable the appointing authority in the situation, Richard Szabo [the warden], to make a determination as to what is appropriate." They noted that there had been some investigation by the Internal Affairs Section and the GBI polygraphist. Mack complained at the outset that the standard procedure was not followed and also asked why the process was taking so long in his case. This was discussed but not resolved other than by the interview proceeding ahead, for approximately two hours. Mack was terminated by the warden as Appointing Authority. He appealed, and the Commissioner of Correction's Designee for Adverse Action made the Department's final determination of dismissal.

Mack appealed further, to the State Personnel Board, as authorized by State Personnel Board Rules 14 and 15. A hearing officer was assigned, and he conducted the administrative hearing, at which one of the Department's hearing officers who had interviewed Mack dur-

ing the Department's investigation represented the Department. The hearing officer's role, powers, and duties are described in OCGA § 45-20-9 (b)-(g).

At the administrative hearing, Mack objected without success to admission of his statement to the Department's attorneys, on the grounds that it was taken by two Department attorneys and he was not represented by counsel at the time the statement was given. In such hearings, "[t]he rules of evidence as applied in the trial of civil nonjury cases in the superior courts of Georgia shall be followed." OCGA § 45-20-9 (d) (1).

The hearing officer found that the dismissal was authorized by the State Personnel Board's Rule 15 and that the appointing authority followed the correct procedure in dismissing Mack, thereby rejecting Mack's argument to the contrary. The hearing officer ruled that the internal affairs section was competent and authorized to conduct and did conduct the investigation, and the hearing officer implicitly found no resultant prejudice to Mack. The hearing officer also rejected Mack's position that it was the warden who terminated him, finding instead that it was the Commissioner's Designee who effected the final adverse action; however, the hearing officer's decision was "that the action taken by his Appointing Authority in dismissing him, is upheld." The State Personnel Board affirmed an appeal brought under OCGA § 45-20-9 (a)-(c).

In reversing the board, the superior court ruled: (1) that the entire case against Mack was based upon an unlawful procedure, OCGA § 45-20-9 (m) (3), because the Department of Corrections did not follow its own established procedure and, in addition, the Department's prosecuting attorneys interviewed the charged employee under the guise of hearing officers; (2) that the findings of the board were clearly erroneous in view of the testimony and record as a whole and lack of credible evidence, OCGA § 45-20-9 (m) (4); (3) that the board did not follow its own policies and procedures of progressive discipline. The court also made reference to the fact that the board's hearing officer had recently been the attorney representing the department in personnel matters similar to Mack's, but it expressly declined to rule on any issue presented in this regard, having concluded that the other three rulings required reversal.

1. The trial court, sitting as an appellate court in such matters, "may reverse the decision or order of the board if substantial rights of the petitioner have been prejudiced because the board's findings, inferences, conclusions, decisions, or orders are: . . . (4) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; . . ." OCGA § 45-20-9 (m). The undisputed evidence, indeed the finding of the board's hearing officer, is that the Department of Corrections did not afford the charged employee the proce-

dural rights it had established but instead created what was apparently an ad hoc method of dealing with the complaints against him. The ruling that this was proper was clearly erroneous as a matter of law. Once the employee grievance procedure is promulgated, it must be followed or properly revised.

Although the court based its order on its authority to reverse the State Personnel Board when the board's conclusions and decisions are "(3) Made upon unlawful procedure," the procedure which it referred to was that of the Department of Corrections, not the State Personnel Board. However, that authority might be liberally construed to cover the board's decision which is made upon the unlawful procedure brought to it and shown to it, as in this case.

In either event, whether authorized under subsection (3) or (4), the superior court did not err in reversing the board because the dismissal was improperly arrived at.

As noted by the superior court, the procedure established by the Department as a Commissioner's Directive (Rule IVJ 13-0003) for sexual harassment cases is for the protection of both the accused and the accuser. Contrary to these procedural requirements, of which the Department made sure Mack had express notice when the policies and procedures were adopted in 1989, the aberrational course of action described above was followed and the case was assigned to the department's prosecuting attorneys, who during their conduct of the investigation represented themselves to Mack as hearing officers. Hearing officers are quasi-judicial and must be independent of both sides and impartial to each. See *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. 734, 739-740 (3e, 5a) (285 SE2d 913) (1982).

The procedure followed was in gross violation of Mack's procedural rights with respect to termination of his private property interest in retaining employment. The Department cannot establish such a procedure and then ignore it, either through inexperience or wilfulness, without jeopardizing due process and risking erroneous termination. "It is well established that, where there has been a serious procedural defect in the prescribed events leading to the discharge of a Government employee, the employee may be entitled to the continued benefits of his employment until it has been terminated in proper fashion. [Cits.] However, not every procedural defect, no matter how trivial or harmless, will nullify what otherwise would have been a valid discharge. 'It is not every deviation from specified procedure, no matter how technical or regardless of its basic nature, that automatically serves to invalidate a discharge.' [Cits.] Where the defect in no way prejudiced the plaintiff, it may be treated as harmless error. [Cits.]" *Crimaldi v. United States*, 651 F2d 151, 153-154 (1) (2nd Cir. 1981). Considering the totality of the process utilized, and its degree of departure from that which the Department adopted, we cannot

conclude that the defects were not prejudicial.

2. The remaining issues are moot. Moreover, the appellant's third of three enumerations of error refers to the hearing officer's qualifications, a subject expressly not ruled on by the court; it presents nothing for our review. *Archie v. Scott*, 190 Ga. App. 145, 146 (1) (378 SE2d 182) (1989).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 21, 1995 —
RECONSIDERATION DENIED JULY 14, 1995.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Lori V. Winkleman, Assistant Attorneys General*, for appellant.

*F. Houser Pugh*, for appellee.