**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 28, 2016**

# In the Court of Appeals of Georgia

A16A1318. SUNTRUST BANK v. LILLISTON et al.

BRANCH, Judge.

A party to a contractual arbitration clause may waive arbitration by acting inconsistently with that right to the prejudice of the other party. In this case, the defendant litigated a case through discovery and placement of the case on the trial calendar without asserting its contractual right to arbitrate, but the plaintiffs dismissed their case before trial and filed a renewal action months later. In this case of first impression, we granted SunTrust's application for interlocutory appeal to decide whether the defendant's actions in the first litigation waived its right to arbitrate the renewal action. For the reasons that follow, we affirm the trial court's determination that SunTrust waived its right to arbitrate.

For the purpose of the limited inquiry before us, the parties agree to the essential facts.[1] The parties agree that the case arose out of two loan transactions and a "SWAP Agreement" associated with financing for one or more automobile dealerships. In 2001, SunTrust Bank loaned approximately $500,000 to L-T Adventures, Inc. (LTA) in a transaction that did not include an arbitration provision. In 2005, SunTrust loaned approximately $2 million to Jedon Lilliston (a co-owner of LTA) and her former husband in a transaction that was guaranteed by LTA. And, in connection with this second loan, Suntrust, Lilliston and her former husband entered into an "ISDA Master Agreement," also known as the "Swap Agreement." The Swap Agreement contains an arbitration clause that provides for mediation of disputes arising thereunder and, if mediation is unsuccessful, "any party may demand arbitration."

A dispute regarding charged and collected interest eventually arose between the parties regarding both loan transactions and the Swap Agreement, and on April 9, 2013, Jedon Lilliston and LTA filed suit against SunTrust in the State Court of Chatham County. The case was transferred to the Superior Court of Fulton County

[1] See Court of Appeals Rule 25 (b) (1) ("Except as controverted [by the appellee], appellant's statement of facts may be accepted by this Court as true."

2

on August 8, 2014. On January 15, 2015, over 21 months after filing the complaint, the plaintiffs voluntarily dismissed their action. SunTrust never demanded arbitration in that action. On June 19, 2015, Lilliston and LTA filed the present renewal action in the Superior Court of Fulton County. SunTrust answered and soon filed a motion to compel arbitration based on the arbitration provision contained in the Swap Agreement.

The trial court denied SunTrust's motion to compel arbitration, and in so doing, it found that the Swap Agreement contained a valid agreement to arbitrate between the parties, that some of the claims at issue in the suit were subject to arbitration, but that SunTrust waived its right to compel arbitration based on its actions in the original litigation. The court found that SunTrust participated in the original litigation for more than a year and a half without raising the issue of arbitration, that SunTrust participated in discovery and filed a motion for summary judgment in the original action, and that the original action had been placed on the trial calendar before the plaintiff dismissed it.[2] The court concluded therefore that SunTrust had "acted

---

[2] SunTrust does not dispute these factual findings. And although the record of the original action has not been included in the record before us, it is well-established that a trial court "may take judicial notice of records in the same court." *In the Interest of J. P. V.*, 261 Ga. App. 194, 196 (2) (582 SE2d 170) (2003) (punctuation and footnote omitted). Cf. *Belcher v. Folsom*, 258 Ga. App. 191, 192 (573 SE2d 447)

inconsistently with the right to arbitrate" and that "[t]he delay and cost associated

with conducting discovery prejudiced the Plaintiffs." SunTrust appeals this ruling.

"The standard of review of a trial court's ruling on a motion to compel

arbitration is whether the trial court was correct as a matter of law." *Order Homes v.*

*Iverson*, 300 Ga. App. 332, 333 (685 SE2d 304) (2009) (punctuation and footnote

omitted).

The parties do not dispute that the Federal Arbitration Act governs the

enforceability of their arbitration agreement. See 9 U.S.C. § 2. The relevant provision

of the Act provides as follows:

> A written provision in any maritime transaction or a contract
> evidencing a transaction involving commerce to settle by arbitration a
> controversy thereafter arising out of such contract or transaction, or the
> refusal to perform the whole or any part thereof, or an agreement in
> writing to submit to arbitration an existing controversy arising out of
> such a contract, transaction, or refusal, shall be valid, irrevocable, and
> enforceable, save upon such grounds as exist at law or in equity for the
> revocation of any contract.

---

(2002) (where "the renewed action was filed in the same court as the original action, the trial court could take judicial notice of the physical record from the original action in determining if the renewed action met the tests for renewal.").

9 U.S.C. § 2. The language of this code section makes clear that arbitration is favored under the Act. See *AT&T Mobility v. Concepcion*, 563 U. S. 333, 339 (II) (131 SCt 1740, 179 LE2d 742) (2011) ("We have described this provision as reflecting both a 'liberal federal policy favoring arbitration,' and the 'fundamental principle that arbitration is a matter of contract[.]'") (citations omitted). But as explained by the Eleventh Circuit, "despite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration." *S & H Contractors v. A. J. Taft Coal Co.*, 906 F2d 1507, 1514 (III) (11th Cir. 1990) (citations omitted). More specifically,

> [A] party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate. A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, in so acting, has in some way prejudiced the other party[.]

Id. (citations and punctuation omitted). Thus, the trial court correctly followed well-established law in holding that a party to an arbitration clause may waive its contractual right to arbitrate by acting inconsistently with that right to the detriment of the other party to the contract.

On appeal, SunTrust argues that the trial court erred as a matter of law because a renewal action under OCGA § 9-2-61 is a de novo action and that, as this Court has

5

held, "[a] defendant is not estopped from raising a proper defense in a renewal action simply because that defense was not raised in the original action." *Adams v. Gluckman*, 183 Ga. App. 666 (1) (359 SE2d 710) (1987); *Fine v. Higgins Foundry & Supply Co.*, 201 Ga. App. 275, 276-277 (1) (b) (410 SE2d 821) (1991) (same). On this point, SunTrust relies heavily on *Hornsby v. Hancock*, 165 Ga. App. 543 (301 SE2d 900) (1983), in which a defendant did not object to venue in the plaintiff's first malpractice action, which the plaintiff dismissed when the case was called for trial. Id. at 543. In response to the plaintiff's later renewed action in the same court, the defendant moved to dismiss for lack of venue. Id. The trial court granted the motion, and on appeal, this Court affirmed and held that because the second action was a renewal of the first, it was in effect a de novo action during which the defendant could assert defenses not raised in the original action. Id. at 544. Suntrust concludes that because the existence of an agreement to arbitrate is a defense similar to lack of venue, it should be allowed to demand arbitration in the renewal action despite not raising it in the original action below.

Despite SunTrust's argument to the contrary, *Hornsby* is in fact consistent with the trial court's ruling. In the present action, the trial court did not hold that SunTrust was barred from demanding arbitration in the renewal action simply because it failed

to raise the issue in the original action. Rather, in the renewal action the court considered SunTrust's demand for arbitration but found that SunTrust had waived its right to arbitrate by *acting inconsistently with that right* during the original action. The trial court's reasoning recognizes the possibility that if the original action had proceeded differently, SunTrust might not have waived its right to arbitrate in a renewal action. For example, if the plaintiff had dismissed the original action before SunTrust acted inconsistently with its right to arbitrate, SunTrust would not have waived that right in the renewal action. Or if SunTrust's actions in the first action, although inconsistent with its right to arbitrate, did not cause any prejudice to the plaintiffs, then SunTrust would not have waived its right to arbitrate in the renewal action. Thus, *Hornsby* supports the trial court's decision because *Hornsby* did not bar SunTrust from raising arbitration in the renewal action. Rather, its motion to compel arbitration was denied for an independent reason, namely waiver.

"The question of what constitutes a waiver of the right of arbitration depends on the facts of each case." *USA Payday Cash Advance Center # 1 v. Evans*, 281 Ga. App. 847, 850 (637 SE2d 418) (2006) (punctuation and footnote omitted). Here, the trial court concluded that SunTrust had waived its right to arbitration by participating in discovery and by filing a motion for summary judgment in the original litigation

without raising the issue of arbitration for more than a year and a half causing the case to end up on the trial calendar. SunTrust does not dispute these findings of fact. The trial court also found that "the delay and cost associated with conducting discovery prejudiced the [appellees]." See *Morewitz v. West of England Ship Owners Mut. Protection & Indem. Assoc.*, 62 F3d 1356, 1366 (II) (C) (4) (11th Cir. 1995) ("Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate.") (citations omitted). As held in *USA Payday*, "we cannot overturn the factual findings underlying the trial court's conclusion because based on the record, we cannot say that they are clearly erroneous." *USA Payday*, 281 Ga. App. at 851 (footnote omitted). Given that SunTrust does not challenge the trial court's underlying factual findings and because the trial court correctly held that a party may waive its right to arbitrate a renewal action by taking actions in the corresponding original action that prejudice that opposing party, we find no error in the trial court's denial of SunTrust's motion to compel arbitration.

*Judgment affirmed. Ellington, P. J., and Mercier, J., concur.*

8