300 Ga. 736
FINAL COPY

S16G1143. UNITED HEALTH SERVICES OF GEORGIA, INC. et al. v. NORTON et al.

MELTON, Presiding Justice.

Bernard Norton, by and through Kim Norton, brought a wrongful death action against a number of defendants[1] who were affiliated with a nursing home in which his wife, Lola Norton, died. Bernard claimed that negligent treatment caused Lola's death. The defendants filed a motion to dismiss the complaint or, alternatively, to stay the proceedings and compel arbitration of all claims in accordance with an agreement entered into by Lola at the time she was admitted to the nursing home. The trial court granted the motion to stay and compel arbitration, and Bernard appealed, contending that, as a wrongful death beneficiary, he could not be bound to Lola's arbitration agreement. In Norton v. United Health Svcs. of Ga., Inc., 336 Ga. App. 51 (783 SE2d 437) (2016), the

---

[1] The defendants included United Health Services of Georgia, Inc.; UHS-Pruitt Holdings, Inc.; PruittHealth, Inc.; PruittHealth Care Management, Inc.; PruittHealth-Property Management, LLC; PruittHealth Consulting Services, Inc.; PruittHealth Therapy Services, Inc.; PruittHealth-Toccoa, LLC; and Tracy Ivester, NHA.

Court of Appeals reversed the trial court and found that Lola's  beneficiaries were not required to arbitrate their wrongful death claims against the defendants. We thereafter granted certiorari to determine whether an arbitration agreement governed by the Federal Arbitration Act ("FAA") and entered into by a decedent and/or her power of attorney, which binds the decedent and her estate to arbitration, is also enforceable against the decedent's beneficiaries in a wrongful death action. We find that such an arbitration agreement does bind the decedent's beneficiaries with respect to their wrongful death claims, and, accordingly, reverse the Court of Appeals.

1. As set forth by the Court of Appeals in the opinion below,

[t]he underlying facts are undisputed for purposes of this appeal. From April 25, 2013, until her death on April 18, 2014, Lola was a resident of PruittHealth-Toccoa, a facility owned, operated, and managed by defendants. . . .
        At the time of Lola's admission to the facility, Kim, as general power of attorney for Lola, signed an arbitration agreement, which states that claims subject to arbitration include
        [a]ny and all claims or controversies arising out of or in
        any way relating to . . . the Patient/Resident's stay at, or
        the care or services provided by, the Healthcare center,
        or any acts or omissions in connection with such care
        or services . . . whether sounding in breach of contract,
        tort, or breach of statutory or regulatory duties.
        The parties also expressly agreed that the arbitration
agreement would apply to wrongful death beneficiaries:

Parties. This Agreement shall inure to the benefit of and bind the Patient/Resident and the Healthcare Center, their successors, assigns, and intended and incidental beneficiaries. . . . The term "Patient/Resident" shall include the Patient/Resident, his or her guardian, attorney-in-fact, agent, sponsor, representative, or any person whose claim is derived through or on behalf of the Patient/Resident, including, in addition to those already listed in this Paragraph, any parent, spouse, child, executor, administrator, heir, or survivor entitled to bring a wrongful death claim.

Norton, at 51-53. This agreement binds Bernard and any other of Lola's wrongful death beneficiaries and requires them to arbitrate their claims.

2. This case is controlled by the longstanding precedent that a wrongful death action is wholly derivative of a decedent's right of action. In Southern Bell Tel. & Tel. Co. v. Cassin, 111 Ga. 575 (36 SE 881) (1900), we considered the effect of a settlement agreement signed by a decedent on claims brought by his beneficiaries after his death. We held: "An action for the homicide of a husband or father, alleged to have been occasioned by a physical injury, is not maintainable when it appears that he, while in life, voluntarily settled with the wrongdoer therefor, and discharged the latter from all liability for the damages resulting therefrom." In Spradlin v. Georgia R. & Elec. Co., 139 Ga. 575, 576 (77 SE 799) (1913), we explained that the Cassin opinion

3

may be summarized in the following quotation from Tiffany on Death by Wrongful Act, § 124: "If the deceased, in his lifetime, has done anything that would operate as a bar to a recovery by him of damages for the personal injury, this will operate equally as a bar in an action by his personal representatives for his death. Thus, a release by the party injured of his right of action, or a recovery of damages by him for the injury, is a complete defense in the statutory action."[2]

The derivative nature of wrongful death actions has been recognized repeatedly, and it has previously been held that settlements, see, e.g., Cassin, supra, and waivers, see, e.g., Currid v. DeKalb State Court Probation Dept., 285 Ga. 184 (674 SE2d 894) (2009), made by decedents have bound their beneficiaries, despite the fact that the beneficiaries were not parties to the agreements in

---

[2] Spradlin, however, drew a distinction between a decedent's own ability and the ability of the decedent's administrator to bind the decedent's beneficiaries.

> What was said in the majority opinion in the Cassin case, supra, as to the power of the injured man to regulate his own conduct, to lessen the value of his own life, to affect by admission the right to recover by his widow, and to settle the entire cause of action growing out of his injury, has no application to his administrator. As the latter could not recover for the full value of the life of the deceased, for which the widow alone could recover, evidently he could neither settle away nor talk away her suit.

Id. at 577. Contrary to the contentions of Lola's beneficiaries, Spradlin does not apply to the current matter, as Lola (through her personal representative), not her administrator, executed the arbitration agreement.

question.[3]

The law is also settled that, because wrongful death claims are wholly derivative, all defenses which could have been made against a decedent also bind the beneficiaries when they pursue a wrongful death claim.

> Although it is true that the action created by the wrongful death statute is different from the cause of action which the decedent would have possessed had he lived, any defense which would have been good against the decedent is good against his representatives in a wrongful death action. Thus, no recovery could be had unless the deceased in his lifetime could have maintained an action for damages for the injury to him, and that any defenses good as against the deceased would be good as against the action brought by the beneficiaries.

(Citations and punctuation omitted.) Turner v. Walker County, 200 Ga. App. 565, 566 (1) (408 SE2d 818) (1991).[4]

---

[3] We note, without considering the propriety of the holding, that there has been at least one instance in which non-signatory beneficiaries have been bound to an arbitration agreement. See Lankford v. Orkin Exterminating Co., 266 Ga. App. 228 (597 SE2d 470) (2004) (husband required to arbitrate loss of consortium claim).

[4] In its opinion deciding the present case, the Court of Appeals finds, without relevant authority, that substantive defenses would bar beneficiaries, but procedural defenses would not. This raises an implication, which Bernard argues in the current case, that the duty to arbitrate is a procedural defense that would not bind Lola's beneficiaries. We need not consider this distinction, however, as it has no basis in precedent or any pertinent application to this decision. We further note that, although the distinction between types of defenses was

The duty to arbitrate has been recognized as an affirmative defense. See, e.g., Ghertner v. Solaimani, 254 Ga. App. 821 (563 SE2d 878) (2002). In this case, it would be a viable defense against Lola, as she signed an agreement to arbitrate claims against the defendants, expressly including wrongful death claims of her beneficiaries. As any wrongful death claims are wholly derivative of claims Lola could have pursued, the requirement to arbitrate is also a viable defense against Lola's wrongful death beneficiaries. Therefore, the trial court's grant of the defendants' motion to compel arbitration was proper, and the Court of Appeals erred by holding otherwise.

Judgment reversed. Hines, C. J., Benham, Hunstein, Nahmias, Blackwell, Peterson, Grant, JJ., and Judge Craig Schwall, concur. Boggs, J., disqualified.

Decided March 6, 2017.

Certiorari to the Court of Appeals of Georgia — 336 Ga. App. 51.

---

considered in dicta in one federal district court, see Washburn v. Beverly Enterprises-Ga., Inc., 2006 WL 3404804 (S.D. Ga. 2006), that same court has adhered to the straightforward analysis set forth in this opinion, finding that the "Georgia wrongful death statute essentially places a beneficiary in the same shoes as the decedent; thus, a beneficiary is bound by the decedent's promise to arbitrate." (Citations omitted.) Thi of Ga. at Shamrock, LLC v. Fields, 2013 WL 6097569 (III) (A) (S.D. Ga. 2013).

6

Arnall Golden Gregory, Jason E. Bring, William J. Rissler, for appellants.

McHugh Fuller Law Group, James B. McHugh, Michael J. Fuller, Jr., D. Bryant Chaffin, A. Lance Reins, for appellees.

Allen & McCain, Hunter S. Allen, Jr., Simuel F. Doster, Jr., Layne Zhou; Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, Brannon J. Arnold; Iris Y. Gonzalez; Watkins, Lourie, Roll & Chance, Stephen R. Chance; Prieto Marigliano Holbert & Prieto, Jonathan Marigliano, amici curiae.