302 Ga. 840
FINAL COPY

S17G0433.  SUNTRUST BANK v. LILLISTON et al.

HUNSTEIN, Justice.

Despite the strong presumption against the waiver of the right to arbitrate, such a right may be waived by a party who acts inconsistently with that right and, in so doing, prejudices the other party to the contract.  See, e.g., S & H Contractors v. A.J. Taft Coal Co., 906 F2d 1507 (III) (11th Cir. 1990); McCormick-Morgan, Inc. v. Whitehead Elec. Co., 179 Ga. App. 10, 12 (345 SE2d 53) (1986).  The question presented in this case is whether a party's demand for arbitration in a renewal action, see OCGA § 9-2-61 (a), may be deemed waived based on that party's conduct in the earlier, original litigation; the Court of Appeals answered this question in the affirmative.  See SunTrust Bank v. Lilliston, 338 Ga. App. 738 (791 SE2d 614) (2016).  We conclude, however, that a renewal suit filed pursuant to OCGA § 9-2-61 (a) is a de novo action, see, e.g., Cleveland v. Skandalakis, 268 Ga. 133 (485 SE2d 777) (1997), and, thus, that a party's conduct in the original action has no bearing on the

question of waiver in the recommended action. Accordingly, we reverse the judgment of the Court of Appeals.

The pertinent facts and procedural history are not in dispute. In 2001, appellant SunTrust Bank entered into a loan agreement with L-T Adventures, Inc. ("LTA"); this agreement did not include an arbitration provision. In 2005, SunTrust entered into a subsequent agreement with Jedon Lilliston (a co-owner of LTA) and her former husband in a transaction guaranteed by LTA. In connection with this second loan, the parties entered into an "ISDA Master Agreement," also known as the "Swap Agreement." The Swap Agreement included an arbitration clause, providing, inter alia, that "any party may demand arbitration." Following a dispute concerning interest charges associated with both transactions, Lilliston and LTA filed suit against SunTrust in April 2013. In January 2015, the plaintiffs voluntarily dismissed their action; at no point before the action was dismissed did SunTrust demand arbitration. On June 19, 2015, Lilliston and LTA filed a renewal action, pursuant to OCGA § 9-2-61 (a), in the Superior Court of Fulton County. SunTrust answered the complaint and moved to compel arbitration based on the provision in the Swap Agreement.

In denying the motion, the trial court concluded that SunTrust had waived

the otherwise valid and enforceable arbitration provision by actively participating in the original litigation. The trial court noted that SunTrust had participated in the original litigation for more than a year and a half without raising the issue of arbitration, which included engaging in discovery and moving for summary judgment. Thus, the trial court concluded, SunTrust had "acted inconsistently with the right to arbitrate," and "[t]he delay and cost associated with conducting discovery prejudiced the Plaintiffs." The Court of Appeals affirmed the trial court, concluding that the motion to compel was properly considered in light of SunTrust's conduct in the original action, which was inconsistent with the right to arbitrate. SunTrust Bank, 338 Ga. App. at 741-742. This Court subsequently granted certiorari review, posing the following question: Did the Court of Appeals err in holding that a defendant may be deemed to have waived its right to assert an agreement to arbitrate as an affirmative defense in a renewal action filed under OCGA § 9-2-61 based on that party's conduct in the original action? For the reasons discussed below, we conclude that the Court of Appeals erred in affirming the trial court's determination that SunTrust had waived its right to demand arbitration.

The Federal Arbitration Act ("FAA") "applies in state and federal courts

3

to all contracts containing an arbitration clause that involves or affects interstate commerce." See <u>American Gen. Financial Svcs. v. Jape</u>, 291 Ga. 637, 638 (732 SE2d 746) (2012). When the FAA applies, as it does here, "it must be applied using federal substantive law." <u>Wise v. Tidal Constr. Co.</u>, 261 Ga. App. 670, 676 (583 SE2d 466) (2003). See also <u>American Gen. Financial Svcs</u>, 291 Ga. at 640. Relevant here, Section 2 of the FAA states as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 USC § 2. As the Supreme Court of the United States has recognized, this provision reflects a "liberal federal policy favoring arbitration," and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U. S. 1, 24-25 (IV) (B) (103 SCt 927, 74 LE2d 765) (1983).

Though there is a strong presumption against waiver under the FAA, see, e.g., Subway Equip. Leasing Corp. v. Forte, 169 F3d 324 (II) (5th Cir. 1999), that presumption is not without bounds, and "the right to arbitration, like any contractual right, may be waived," Price v. Drexel Burnham Lambert, Inc., 791 F2d 1156, 1158 (5th Cir. 1986). As the Eleventh Circuit Court of Appeals has explained,

> despite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration. Thus, a party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate. A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and in so acting, has in some way prejudiced the other party.

(Citations and punctuation omitted.) S & H Contractors, 906 F2d at 1514. In the appeal below, the Court of Appeals — relying on SunTrust's conduct before the initial action was dismissed — determined that the trial court had properly applied this waiver-by-conduct standard to conclude that SunTrust had waived its right to demand arbitration. SunTrust Bank, 338 Ga. App. at 741-742. However, we agree with SunTrust that the Court of Appeals' focus on the original action is misplaced where the arbitration demand was made in a renewal action.

5

The statute governing renewal actions, OCGA § 9-2-61 (a), states, in relevant part:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later[.]

By its plain language, "OCGA § 9-2-61 . . . merely tolls the statute of limitation." Hornsby v. Hancock, 165 Ga. App. 543, 544 (301 SE2d 900) (1983). It is well settled that the "recommenced" case envisioned by that statute is an action de novo, see Hobbs v. Arthur, 264 Ga. 359, 360 (444 SE2d 322) (1994), and is "not a continuance of the original action," Archie v. Scott, 190 Ga. App. 145, 146 (378 SE2d 182) (1989). See also Cleveland, 268 Ga. at 134 (rejecting argument that renewal action is merely a continuation of the original action). In a renewal action, "a plaintiff . . . may allege additional facts or contentions, *and the defendant likewise can interpose such defensive pleadings as he may deem best*." (Emphasis supplied.) Hornsby, 165 Ga. App. at 544. Claims and defenses that are raised in a renewal action "will be adjudicated only with respect to that which occurred *subsequent* to refiling." (Emphasis

supplied.) Hobbs, 264 Ga. at 360.

Both this Court and the Court of Appeals have consistently held that, outside of issues concerning the statute of limitation, claims and defenses raised in a renewal action are considered independently of that which occurred in the original action. See Cleveland, 268 Ga. at 134 (Fulton County not obligated to defend employee in renewal action where notice of the suit was provided to County in original action but was not timely provided in subsequent renewal action); Hobbs, 264 Ga. at 360-361 ("[A]ny delay in service in a valid first action is not available as an affirmative defense in the renewal action."); Granite State Ins. Co. v. Nord Bitumi U. S., 262 Ga. 502, 505 (422 SE2d 191) (1992) (insured's failure to provide prompt notice to insurer in original suit as required by insurance contract did not relieve insurer from subsequently defending insured where notice requirement was satisfied with respect to renewal action); Adams v. Gluckman, 183 Ga. App. 666, 666 (359 SE2d 710) (1987) (failure to raise defense of insufficient service in original action did not preclude defense in renewal action); Hornsby, 165 Ga. App. at 544 (failure to raise defense of improper venue in original action did not preclude defense in renewal action); Robinson v. Attapulgus Clay Co., 55 Ga. App. 141, 142 (1) (189 SE 555)

7

(1937) (concluding, under renewal statute then in effect, that "a suit which has been dismissed and renewed, even in the same court, may be demurred to on renewal, although no demurrer was interposed in the original action"). As to this case, the right to arbitrate, though created through contract, is an affirmative defense in this State, see, e.g., United Health Svcs. of Ga. v. Norton, 300 Ga. 736 (2) (797 SE2d 825) (2017), and, like other affirmative defenses, it is subject to waiver; however, we must treat arbitration and its waiver in the same manner as other such claims and defenses. Cf. Doctor's Associates v. Casarotto, 517 U. S. 681, 687 (II) (116 SCt 1652, 134 LE2d 902) (1996).

In an apparent attempt to reconcile our precedent with the trial court's waiver-by-conduct conclusion, the Court of Appeals reasoned that SunTrust had not been *barred* from demanding arbitration in the renewal action, but, instead, that the demand for arbitration simply had to be considered in conjunction with SunTrust's conduct in the original litigation. SunTrust Bank, 338 Ga. App. at 742. However, there is no meaningful distinction between barring SunTrust from asserting a demand for arbitration in the renewal action (because it was not raised in the original action) and deciding the question of waiver in the renewal action based on SunTrust's conduct in the original suit. In either instance, the

8

Court of Appeals' logic dictates that the original case — which has since been dismissed — controls the question of arbitration in the renewal action; this is plainly inconsistent with our case law. When questions of estoppel or waiver are presented in renewal actions, the focus of the analysis must be on the renewal action, not on the conduct in the original action. See <u>Adams</u>, 183 Ga. App. at 666 ("A defendant is not estopped from raising a proper defense in a renewal action simply because that defense was not raised in the original action."). Consequently, the trial court erred when it denied the motion to compel arbitration based upon SunTrust's conduct in the original action, and the Court of Appeals' affirmance of that judgment was likewise erroneous.

<u>Judgment reversed. All the Justices concur.</u>

Decided January 29, 2018.

Certiorari to the Court of Appeals of Georgia — 338 Ga. App. 738.

Morris, Manning & Martin, David W. Cranshaw, Simon R. Malko, for appellant.

Savage Turner & Pinckney, Brent J. Savage, Brent J. Savage, Jr., Kathryn H. Pinckney, for appellees.