**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

**June 29, 2026**

# In the Court of Appeals of Georgia

A26A0645. GEORGIA KENWORTH, LLC v. SMITH.

DAVIS, Judge.

This is the second time this dispute over a dump truck that was allegedly stolen while in the care of a mechanic has come before this Court. In Case No. A25A0819, in an unpublished opinion, we vacated the trial court's denial of Georgia Kenworth, LLC's ("Kenworth") motion to compel arbitration and remanded the case for the trial court to apply the correct legal standard. After the trial court again denied the motion to compel, Kenworth appeals. Because we conclude that the arbitration provision in the parties' contract covers this dispute, we reverse.

The underlying facts are set out in our previous opinion:

Kenworth owns a heavy and medium duty-truck dealership that, among other things, provides mechanic services in Macon, Georgia. On January

9, 2023, Smith took his dump truck to Kenworth's mechanic shop for its lights to be repaired. After the repairs were completed, the truck was stolen while still on Kenworth's property either on the evening of February 26 or the morning of February 27.

Thereafter, Smith sued Kenworth, alleging claims of failure to use ordinary care for the safekeeping and return of an automobile; failure to provide adequate security; and negligence. Kenworth filed a special-appearance answer and asserted several affirmative defenses. That same day, Kenworth filed a "motion to dismiss and compel arbitration, or, in the alternative, motion for stay pending arbitration." According to Kenworth, the repair-authorization order [("Repair Order")] Smith signed and its incorporated terms and conditions included a binding and enforceable arbitration clause. Smith objected to the motion, and ultimately, Kenworth's motion was denied.

*Kenworth, LLC v. Smith*, Case No. A25A0819 (Ga. App. July 8, 2025), slip op. at 2-3.

On appeal, we vacated the trial court's order denying the motion to compel arbitration and remanded for the trial court to apply the correct standard, including a directive that the trial court analyze whether Smith's claims arose from or related to the Repair Order. *Kenworth, LLC*, slip op. at 11. On remand, the trial court again denied Kenworth's motion. The trial court's order was substantially the same as before, but it added the following language: (i) "Thus, the negligence claims that form

2

the basis of this lawsuit did not arise from, nor are they related to the [Repair Order]"; and (ii) "To address the concerns raised by the Court of Appeals, the subject Arbitration Clause does not apply to the negligence claims in the case at hand. The controversy and claims at hand did not arise from and are not related to the [Repair Order]." We granted Kenworth's application for interlocutory review.

In four related enumerations of error, Kenworth argues that the trial court erred in denying its motion to compel arbitration. We agree.

This Court reviews de novo a trial court's order granting or denying a motion to compel arbitration. *Miller v. GGNSC Atlanta*, 323 Ga. App. 114, 118(1) (746 SE2d 680) (2013).

"[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Emory Healthcare, Inc. v. Farrell*, 359 Ga. App. 621, 624 (859 SE2d 576) (2021). Generally, the party seeking arbitration bears the burden of proving the existence of a valid and enforceable agreement to arbitrate. *Triad Health Mgmt. of Ga., III v. Johnson*, 298 Ga. App. 204, 206(2) (679 SE2d 785) (2009). "Whether there is a valid agreement to arbitrate is generally governed by state law principles of contract formation, and is appropriate for determination by the court," Id., even

where the agreement at issue states that it is to be governed by the Federal Arbitration Act ("FAA"). *Yates v. CACV of Colorado*, 303 Ga. App. 425, 430(1) (693 SE2d 629) (2010). The party seeking arbitration bears the burden of proving the existence of a valid and enforceable agreement to arbitrate. *Triad Health Mgmt.*, 298 Ga. App. at 206(2).

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *SunTrust Bank v. Lilliston*, 302 Ga. 840, 842 (809 SE2d 819) (2018). "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Waffle House, Inc. v. Pavesi*, 343 Ga. App. 102, 109(3) (806 SE2d 204) (2017). But

> we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated. [W]hen the language of a contract is plain and unambiguous no construction is required or permissible and the terms of the contract must be given an interpretation of ordinary significance.

*Farrell*, 359 Ga. App. at 624-25.

Here, the Repair Order authorization form provided that the "Repair Order" consisted of the terms in the order form and the terms and conditions listed on Kenworth's website, "which are fully incorporated herein[.]"[1] The order form limited "Service Work" to the described work on the form and stated that the Repair Order represented "the entire and integrated agreement between [Smith] and [Kenworth] regarding Service Work to the Vehicle[.]" The form stated in bold capital letters: "THIS ORDER CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." Under the terms and conditions set forth on Kenworth's website, the parties agreed to arbitrate "[a]ny controversy or claim arising out of or relating to this Order[.]" Among other provisions, the terms and conditions stated that "[Kenworth] is not responsible for loss of or damage to the Vehicle due to or arising from theft or any other cause except the sole negligence of [Kenworth]."

---

[1] "Where a writing refers to another document, that other document, or as much of it as is referred to, is to be interpreted as part of the writing. As a matter of contract law, incorporation by reference is generally effective to accomplish its intended purpose where the provision to which reference is made has a reasonably clear and ascertainable meaning." *Brooks Peanut Co. v. Great S. Peanut, LLC*, 322 Ga. App. 801, 810(3) (746 SE2d 272) (2013) (citation modified).

The main dispute between the parties is whether Smith's claim regarding his stolen truck is a claim "arising out of or relating to" the Repair Order such that it would be covered by the arbitration agreement. The trial court concluded that Smith's claims do not arise from and are not related to the Repair Order because they instead arose out of a separate implied bailment agreement. However, regardless of whether the parties entered into a separate, implicit bailment contract, any such bailment itself both "arose out of" and was "related to" the Repair Order. This Court has defined "arise" as "to come into being," "originate," and "to present itself." *Price v. Ernst & Young, LLP*, 274 Ga. App. 172, 175(2) (617 SE2d 156) (2005). In that regard, this Court has found that "[t]he term 'arising out of'" as used in contracts "does not mean proximate cause in the strict legal sense[,]" but that instead "[a]lmost any causal connection or relationship will do." *Abercrombie v. Ga. Farm Bureau Mut. Ins. Co.*, 216 Ga. App. 602, 604 (454 SE2d 813) (1995) (citation and punctuation omitted). "Indeed, nothing more than a slight causal connection is required to show that a claim arose out of a specified relationship set forth in a contract." *Waffle House, Inc.*, 343 Ga. App. at 108(3).

Here, the entire purpose of the bailment was for Kenworth to perform the repairs on the dump truck effectively. Thus, Kenworth only had possession of the truck because of the Repair Order and the contractual tasks listed therein. See *Waffle House, Inc.*, 343 Ga. App. at 108(3) (claims regarding a workplace shooting were subject to an arbitration clause in an employment contract "[e]ven if [the plaintiff's] employment does little more than explain why he was present at the Waffle House premises at the time of the attack"). Additionally, as noted above, the terms and conditions on Kenworth's website that were incorporated into the Repair Order explicitly contemplated claims and potential damages due to the theft of a vehicle while in Kenworth's care. These circumstances satisfy the "slight causal connection" in order for Smith's claims to be governed by the arbitration clause in the contract.[2] See *Wedemeyer v. Gulfstream Aerospace Corp.*, 324 Ga. App. 47, 52(2) (749 SE2d 241) (2013) (concluding that claims for defamation, tortious interference with a business expectancy and lost income all were covered by an arbitration provision in employment contract because the claims arose from an incident that occurred during

---

[2] To the extent that the trial court again implied that the arbitration clause does not apply because the "scope of work under the [Repair Order] was completed," we explicitly rejected that argument in the first appeal. *Kenworth, LLC*, Case No. A25A0819, slip op. at 9-10.

the plaintiff's employment and that gave rise to his termination); *Order Homes, LLC v. Iverson*, 300 Ga. App. 332, 335(1)(a) (685 SE2d 304) (2009) (holding that "claims for fraud and deceit [were] within the scope of an arbitration clause which expressly covered 'all claims or disputes arising out of or relating to the contract documents'").

Accordingly, Smith's claims for the loss of his truck "arise out of" and are "related to" the Repair Order and are thus covered by the arbitration agreement. We therefore reverse the trial court's order denying Kenworth's motion to compel arbitration.

*Judgment reversed. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*